BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

**U.S. COURTS**

**FEB 19 2020**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case No. **CR 20-052 N DCN**<br><br>**INDICTMENT** |

The Grand Jury charges:

### GENERAL ALLEGATIONS

1. At all times relevant to the Indictment:

   a. Kasco of Idaho, LLC, and Kasco Communications, LLC, (jointly referred to as "Kasco") were limited liability companies located in Idaho.

   b. Keith Sims was the owner of Kasco of Idaho, LLC, and co-owner of Kasco Communications, LLC.

   c. TRINA M. WELCH (hereinafter "WELCH") was an employee of Kasco from 2012 until July of 2019.

INDICTMENT - 1

    d.  Global Credit Union was a financial institution, as defined by 18 U.S.C. § 20(1)(2), as an insured depository institution. Global Credit Union had offices in Washington and Idaho in the United States and branches in Italy. Global Credit Union offered its customers checking and savings account services. Physical and online deposits, withdrawals, and funds transfers from a Global Credit Union account resulted in an interstate wire transfer of financial information through the United States Federal Reserve in San Francisco, California.

    e.  Kasco was a member of the Global Credit Union and maintained a business checking account there.

    f.  Bank of America was a financial institution, as defined by 18 U.S.C. § 20(1), as an insured depository institution. Bank of America had offices throughout the United States, including Idaho. Bank of America offered its customers checking and savings account services along with credit cards. Physical and online deposits, withdrawals, and funds transfers resulted in an interstate wire transfer of financial information including through the United States Federal Reserve in San Francisco, California. WELCH had banking and credit card accounts with Bank of America.

    g.  In her position with Kasco, WELCH utilized various accounting software programs like Quickbooks and Sage, and oversaw all of the accounting for Kasco.

    h.  WELCH was authorized to use software connected to Kasco's business account at Global Credit Union. The software allowed WELCH to transfer money from the Global Credit Union business account to any other account that WELCH designated.

    i.  In her position, WELCH, was authorized to write checks on the Kasco business account to pay the legitimate debts of Kasco.

**INDICTMENT - 2**

## COUNTS ONE THROUGH FIFTEEN

### Wire Fraud
### 18 U.S.C. § 1343

2.  The allegations set forth in Paragraph 1 are hereby re-alleged as if set forth herein.

3.  From on or about 2013, through on or about July 3, 2019, in the District of Idaho, and elsewhere, the defendant, TRINA M. WELCH, acting with the intent to defraud, knowingly devised and intended to devise a scheme to defraud Kasco, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

*Manner and Means*

4.  It was part of the scheme that:

    a.  WELCH took and embezzled funds from Kasco. WELCH unlawfully and without authority wrote or created checks drawn on Kasco's checking accounts at Global Credit Union, including account XXXXXXXX6220, which were made payable to her personal credit card accounts and applied to the credit cards' outstanding balances. To further conceal the fraudulent proceeds obtained, WELCH took cash and bank advances on her credit card accounts and deposited the funds into her personal bank accounts. She then used her personal bank account funds to purchase and pay expenses for numerous properties held under her and related parties' names.

    b.  WELCH wrote, or caused to be written, at least 341 fraudulent checks from Kasco's bank accounts.

    c.  WELCH would withdraw money from Kasco's business account at Global Credit Union, XXXXXXXX6220, to pay for expenses solely related to her personal life and not Kasco's legitimate business expenses, without authority and without lawful purpose.

INDICTMENT - 3

d. WELCH attempted to conceal her embezzlement by creating false entries in Kasco's software accounting program to make it look like the money she stole had actually been used to pay legitimate business expenses.

e. WELCH unlawfully took approximately $ 3.6 million from Kasco by executing the scheme outlined

*Execution of the Scheme*

5. On or about the dates set forth below, in the District of Idaho and elsewhere, WELCH, for the purpose of executing the scheme described above, and taking approximately $3,600,000, she caused to be transmitted by means of wire communication in interstate commerce the signals, and sounds described below for each count, each transmission constituting a separate count:

| Count | Date (on or about) | Wire Details | Amount (approx.) |
|---|---|---|---|
| 1 | 6/26/2019 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX3689 | $14,308.00 |
| 2 | 5/29/2019 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX3837 | $20,000.00 |
| 3 | 1/31/2019 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX8912 | $26,946.01 |
| 4 | 10/17/2018 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX8912 | $35,888.24 |

INDICTMENT - 4

| Count | Date (on or about) | Wire Details | Amount (approx.) |
|---|---|---|---|
| 5 | 3/29/2018 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX8912 | $33,316.76 |
| 6 | 10/4/2017 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX7726 | $48,889.66 |
| 7 | 4/26/2017 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX0398 | $36,892.56 |
| 8 | 8/11/2016 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX0398 | $26,550.92 |
| 9 | 8/3/2016 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX0398 | $26,550.92 |
| 10 | 7/13/2016 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX0398 | $38,645.97 |
| 11 | 2/5/2016 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Bank of America Credit Card Account #XXXXXXXXXXXX0398 | $20,055.17 |
| 12 | 12/17/2015 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Pioneer Title Company Home Loan #XXXXXXXXXX0460 | $16,385.16 |

INDICTMENT - 5

| Count | Date (on or about) | Wire Details | Amount (approx.) |
|---|---|---|---|
| 13 | 7/2/2015 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Discover Credit Card Account Ending in #1271 | $5,068.60 |
| 14 | 2/19/2014 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Discover Credit Card Account Ending in #3914 | $6,609.33 |
| 15 | 1/31/2014 | Kasco of Idaho Global Credit Union Check from Account #XXXXXXXX6220 to Discover Credit Card Account Ending in #3914 | $3,435.69 |

All in violation of Title 18, United States Code, Section 1343.

## CRIMINAL FORFEITURE ALLEGATION

### Wire Fraud Forfeiture
### 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

Upon conviction of the Wire Fraud offenses alleged in this Indictment, the defendant, TRINA M. WELCH, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1.  <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>.  The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is

INDICTMENT - 6

otherwise unavailable. The defendant obtained and controlled at least $3,600,000.00 in unrecovered forfeitable property.

    2.    <u>Real Property</u>

        a.    Real Property located at **413 E. 9th Avenue, Post Falls, Idaho, Kootenai County, Idaho, being parcel number P1350009012A**, and more particularly described as follows:

> The West half of vacated Post Street adjoining Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Block E of Deeds at Page 244, records of Kootenai County, Idaho, and the East 30 feet of Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Book E of Deeds, Page 244, records of Kootenai County, Idaho. (Owner of Record: Trina Welch)

        b.    Real Property located at **519 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0050037008AA**, and more particularly described as follows:

> Lots 8 and 9, Block 37, Osburn Townsite, according to the official and recorded plat thereof, Shoshone County, State of Idaho. Together with that portion of the vacated alley running through block 37 vacated by resolution recorded May 10, 1940 as Instrument No. 11383. Together with that vacated portion of Walnut Avenue adjacent to Block 37, by resolution recorded September 6, 1991 as Instrument No, 348939. (Owner of Record: Trina Welch)

        c.    Real Property located at **501 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number OCC00500370110A**, and more particularly described as follows:

> Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng/Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025 (Owner of Interest: Trina Welch)

INDICTMENT - 7

      d.     Real Property located at **211 N. Hill Avenue, Smelterville, Idaho, Shoshone County, Idaho, being parcel number RPF01000070170,** and more particularly described as follows:

> Lot 17, Block 7 of Smelterville First Addition, according to the official and recorded plat thereof filed in the official Records of Shoshone County, State of Idaho. (Owner of Record: Trina Welch)

      e.     Real Property located at **1253 Garden Ave., Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0100004013AA,** and more particularly described as follows:

> E ½ of Lot 13 20-48-4 W ½ of Lot 14 Block 4 Dunkle Garden Add Osburn. (Owner of Interest: Trina Welch)

      f.     Real Property located in **St. Regis, Mineral County, Montana,** known as Parcel No. : 181300 (Lot 7) in Rivers Acreage, a platted subdivision in Mineral County, St Regis, Montana, and more particularly described as:

> Lots 7 of Two Rivers Acreage, a platted subdivision in Mineral County, Montana, according to the official recorded plat thereof. (Owner of Record: Trina Welch)

      g.     Real Property located in **St. Regis, Mineral County, Montana,** Parcel No. 181400 (Lot 8) in Rivers Acreage, a platted subdivision in Mineral County, St Regis, Montana.

> Lot 8 of Two Rivers Acreage, a platted subdivision in Mineral County, Montana, according to the official recorded plat thereof. (Owner of Interest: Trina Welch)

3.    <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

**INDICTMENT - 8**

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 19th day of February, 2020.

A TRUE BILL

*/s/ [signature on reverse]*
_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
TRACI J. WHELAN
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 9