JOSHUA D. HURWIT
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TRINA MARIE WELCH, <br><br> Defendant. | Case No. 2:20-CR-00052-DCN <br><br> **MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT** |

  The United States Attorney requests that this Court enter an Order of Criminal Forfeiture Money Judgment against the Defendant. The United States, in its Sentencing Memorandum, requested a forfeiture money judgment of $3,674,338.86, and now reiterates that request. (ECF No. 79 at 12-14.)

**MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT - 1**

As background, the Court already issued a Preliminary Order of Forfeiture for Defendant Welch's interest in real property traced to fraud proceeds. (ECF No. 52.) This Motion concerns only the forfeiture money judgment.

**Criminal Forfeiture Money Judgments**

In this case, the United States seeks a forfeiture money judgment. Federal Rule of Criminal Procedure 32.2(b)(1)(A) directs the Court to determine what property is subject to forfeiture "as soon as practical" after a finding of guilt and, if the government seeks a money judgment, the Court "must determine the amount of money that the defendant will be ordered to pay."

The standard criminal forfeiture procedure of Preliminary Order / ancillary proceeding / Final Order does not apply to forfeiture money judgments because a third party would have no interest in the money judgment. (*Compare* Fed. R. Crim. P. 32.2(b)(1)(A) (discussing "personal money judgment") with 32.2(b)(2)(A) (referencing "property" subject to forfeiture).) This is further clarified in Criminal Rule 32.2(c)(1) and by the 2000 Committee Notes, which state: "no ancillary proceeding is required to the extent that the order of forfeiture consists of a money judgment. A money judgment is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest." *See United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019) (holding that the United States Supreme Court decision in *Honeycutt* did not undermine forfeiture money judgments and explaining that: a court may order forfeiture in the form of a personal money judgment against the defendant; the government may satisfy the judgment with substitute property it locates in the future; and a contrary rule might allow a defendant to escape the mandatory forfeiture penalty Congress has imposed.)

**MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT - 2**

Here, the record establishes the requisite nexus between the forfeiture money judgment amount and the offense, as required by Federal Rule of Criminal Procedure 32.2, and establishes a sufficient factual and legal basis for forfeiture.

The Forfeiture Money Judgment should include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property**:

Unrecovered Cash Proceeds / Money Judgment Amount: At least $3,674,338.86 in that such sum represents unrecovered proceeds of the offense of conviction obtained by the defendant, or property, derived from or traceable to such proceeds, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

**Effect of Forfeiture of Real Property on Money Judgment**

The Preliminary Order of Forfeiture already issued by this Court (ECF No. 52) forfeits Defendant Welch's interest in certain real properties but does not complete the forfeiture process nor foreclose the necessity of a money judgment. The forfeiture of the real property will not be complete until after the ancillary process, eventual sale of property, and application of sale proceeds, after costs, to forfeiture. The United States acknowledges that $3,674,338.86 ordered as a money judgment for unrecovered proceeds would be the limit of what it can collect through forfeiture. In other words, real property sale proceeds applied to forfeiture would be subtracted from the money judgment amount. None of this affects the United States' ability or right to pursue restitution or a fine.

**Nexus and Factual Basis for Forfeiture**

This Court held an evidentiary hearing on August 2, 2022 during which the United States introduced 341 checks and various financial summaries, and the Court determined that the fraud

**MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT - 3**

loss attributable to Defendant Welch's crime was $3,674,338.86. (Transcript, ECF No. 75.) The Court recognized that the Defendant did not present evidence on loss and that she retained the right to do that. (*Id.* at 67.) Welch, in her Plea Agreement, admitted to an embezzlement scheme from 2013 through July of 2019, that she "wrote, or caused to be written, at least 341 fraudulent checks from Kasco's bank accounts," and she acknowledged that the Government calculated the total loss at $3,674,338.86. (Plea Agreement, ECF No. 45 at 3-4.)

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, the Court shall order that the person forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to the commission of the offense.

**Substitute Assets**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 21 U.S.C. § 853(m), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of any property that potentially may be forfeited as substitute assets; and (2) to evaluate any third party interests in such property.

Pursuant to Rule 32.2(c)(1) of the Federal Criminal Rules of Procedure, which states that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," the United States will not publish notice of this criminal forfeiture money judgment.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), the United States requests that the Court's Order of Forfeiture state that it is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

A proposed order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 14th day of September, 2022

> JOSHUA D. HURWIT
> UNITED STATES ATTORNEY
> By:
>
> */s/ William M. Humphries*
> WILLIAM M. HUMPHRIES
> Assistant United States Attorney

**MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT - 5**