UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case No. 2:20-cr-00052-DCN<br><br>**ORDER OF CRIMINAL FORFEITURE MONEY JUDGMENT** |

This matter comes before the Court on the United States' Motion for Criminal Forfeiture Money Judgment against the Defendant. Dkt. 83.

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) establish a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property**:

Unrecovered Cash Proceeds / Money Judgment Amount:  At least $3,674,338.86 in that such sum represents unrecovered proceeds of the offense of conviction obtained by the defendant, or property, derived from or traceable to such proceeds, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise

ORDER OF CRIMINAL FORFEITURE MONEY JUDGMENT - 1

unavailable.

### Nexus and Factual Basis for Forfeiture

This Court held an evidentiary hearing on August 2, 2022, during which the United States introduced 341 checks and various financial summaries, and the Court determined that the fraud loss attributable to Defendant Welch's crime was $3,674,338.86. (Transcript, Dkt. 75.)  The Court recognized that the Defendant did not present evidence on loss and that she retained the right to do that.  (*Id.* at 67.)  Welch, in her Plea Agreement, admitted to an embezzlement scheme from 2013 through July of 2019, that she "wrote, or caused to be written, at least 341 fraudulent checks from Kasco's bank accounts," and she acknowledged that the Government calculated the total loss at $3,674,338.86.  (Plea Agreement, Dkt. 45 at 3-4.)

### Statutory Authority

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, the Court shall order that the person forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to the commission of the offense.

**Substitute Assets**:  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government is authorized to seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.

NOW THEREFORE, THE COURT ORDERS that the United States' Motion for Order of Forfeiture Money Judgment (Dkt. 83) is **GRANTED**, and the defendant shall

forfeit to the United States the Subject Property and any other property forfeitable pursuant to the Statutory Authority above or other applicable law. This Order shall constitute a personal money judgment against the defendant for the amount of the Subject Property, which is $3,674,338.86. *See* Fed. R. Crim. P. 32.2(b)(1)(a) (discussing personal money judgment) and 2000 Committee Notes (explaining a money judgment is an *in personam* judgment against the defendant). The United States may take any and all actions available to it to collect and enforce the forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order will be final as to the defendant at the time of sentencing and shall be made part of the sentence and incorporated in the judgment of conviction.

The Court authorizes the United States, pursuant to Criminal Rule 32.2(b)(3) and 21 U.S.C. § 853(m), to conduct any discovery, including interrogatories and depositions, intended: (1) to identify, locate or dispose of any property that potentially may be forfeited as substitute assets; and (2) to evaluate any third party interests in such property.

Pursuant to Rule 32.2(c)(1) of the Federal Criminal Rules of Procedure, which states that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," the United States is not required to publish notice of this forfeiture money judgment.[1]

---

[1] Where the Court imposes only a money judgment and not the forfeiture of specific property, the standard Preliminary Order / ancillary proceeding / Final Order process is unnecessary for the money judgment. *Compare* Fed.R.Crim.P. 32.2(b)(1)(A) (discussing "personal money judgment") with 32.2(b)(2)(A) (referencing "property" subject to forfeiture). *See also* Rule 32.2(c)(1) (clarifying that no ancillary proceeding is required for a forfeiture money judgment).

ORDER OF CRIMINAL FORFEITURE MONEY JUDGMENT - 3

This Court shall retain jurisdiction to enforce this Order, and to amend it at any time, pursuant to Criminal Rule 32.2(e).

DATED: September 20, 2022

_____
David C. Nye
Chief U.S. District Court Judge

ORDER OF CRIMINAL FORFEITURE MONEY JUDGMENT - 4