J. Stephen Roberts, Jr.
Federal Defenders of Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Trina Marie Welch

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
The Honorable David C. Nye

| United States of America, | No. 2:20-cr-0052-DCN-1 |
|---|---|
| Plaintiff, | **Defense's Response in Opposition to Petition to Unseal Exhibits and Records for Use in Civil Case** |
| v. | |
| Trina Marie Welch, | |
| Defendant. | |

Trina Marie Welch, through counsel, J. Stephen Roberts, Jr., for the Federal Defenders of Eastern Washington and Idaho, files this response in opposition to Keith Sims and Kasco of Idaho, LLC's Petition to Unseal Exhibits and Records for Use in Civil Case.[1]

---

[1] ECF No. 95.

Response in Opposition to Petition to Unseal

1

Ms. Welch respectfully requests the Court deny the Petition to Unseal Exhibits from her criminal case, specifically objecting to unsealing numerous personal character statements submitted on her behalf at sentencing.

## Legal Standard

Historically, courts have acknowledged a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978). This presumption of permissible access to judicial records applies to dispositive pleadings, namely because disclosure of a "resolution of a dispute on the merits […] is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the presumption of access does not apply for a "sealed discovery document" linked to a non-dispositive motion.

The standard that must be met to warrant unsealing judicial records is determined by whether the exhibits or records sought are related to dispositive or non-dispositive pleadings and attachments. For dispositive motions, the "compelling reasons" standard must be met: the party must "articulate[ ] compelling reasons supported by specific factual findings". *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th

Response in Opposition to Petition to Unseal

2

Cir. 2003). For non-dispositive motion, only a "good cause" standard must be met, as outlined in Fed. R. Civ. P. 26(c).[2] *See Kamakana*, 447 F.3d at 1180.

### Discussion

Attorney Jack Mosby provides no basis for good cause to unseal the exhibits and records sought. As a practicality, Mr. Mosby has other remedies—more appropriate remedies to pursue discovery for the civil case against Trina and Norman Welch. Instead, Mr. Mosby attempts to make an end-run around the discovery procedure already available to him in the matter of Shoshone County Case No. CV 40-19-0372 for the sake of his own convenience and organizational efficiency.

### 1. Exhibits of confidential financial records to the evidentiary hearing on August 3, 2022.

The United States moved to seal exhibits of checks submitted for the August 3, 2022 evidentiary hearing, which the Court granted. *See* ECF Nos. 68, 70. The United States does not object to the request to now unseal these exhibits. *See* ECF No. 97. Given the requested exhibits were provided by the United States, Defense does not have a position on this request to unseal.

---

[2] Rule 26(c) states that if "good cause" is shown in discovery, a district court may issue "an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

However, defense would like to point out that Mr. Mosby's request to unseal such exhibits is an end-run around the appropriate remedies he has at his disposal under state law to pursue discovery, his motion to unseal is simply an attempt for back-door access to discovery for his convenience.

### 2. The character letters submitted to this Court in support of Trina Welch at sentencing.

The private details of Ms. Welch's personal life and her relationships throughout the course of her lifetime provided at sentencing in character letters are non-dispositive to both Ms. Welch's completed criminal trial as well as the discovery requests being manufactured in the civil case brought by Kasco at this time.

The Ninth Circuit has reasoned that public policy does not support unfettered access to non-dispositive materials as such evidence is often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (citing *Phillips v. General Motors Corp.,* 307 F.3d 1209, 1213 (9th Cir. 2002)). The character evidence provided on behalf of Ms. Welch at sentencing is non-dispositive. Mr. Mosby reasons that the statements "will be very helpful […] to establish a basis for taking depositions and engaging in further discovery". *See* ECF No. 95 at 2. This purpose for gathering unspecific, future discovery in a civil matter is at best a back-door

attempt to gain easy access to the personal details of Ms. Welch's character and relationships in an attempt to probe in the dark in arguing for *Mr. Welch's* civil liability in relation. Ms. Welch's character is at best only tangentially related to Mr. Mosby's underlying cause of action. The convenience of obtaining the requested exhibits and records for Mr. Mosby's discovery is not a basis for good cause.

Respectfully, the Court should make a finding that Mr. Mosby has not met the standard for "good cause."

### 3. The Notice of *claim of assets under forfeiture* submitted by Normal Welch.

Defense counsel does not have knowledge of the Notice submitted by Norman Welch that was filed by his counsel, Gregory Rauch. Mr. Rauch was appointed CJA counsel to Norman Welch. As such, the request is outside the scope of defense counsel's representation, and thus no position can be articulated. Rather, Mr. Welch through his attorney, should be required to articulate a position regarding the request to unseal this document. Undersigned counsel and co-counsel Amy Rubin have reached out to Mr. Rauch on numerous occasions and received no response.

Response in Opposition to Petition to Unseal

5

## Conclusion

If the purpose of this Petition is to "obtain meaningful and relevant evidence in support of Kasco's civil case" (ECF No. 95, at 2), there are appropriate remedies that Kasco's counsel has not pursued through discovery and the power of subpoena provided through their state case. This Petition is not one of them. Ms. Welch opposes Kasco's Petition to unseal the character statements from her sentencing, lacking good cause.

Dated:  November 4, 2022

Respectfully Submitted,

/s/ *J. Stephen Roberts, Jr.*
J. Stephen Roberts, Jr., WA 45825
Attorneys for Trina Marie Welch
Federal Defenders of
Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email:  Steve_Roberts@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Traci Jo Whelan, Assistant United States Attorney.

/s/ *J. Stephen Roberts, Jr.*
J. Stephen Roberts, Jr., WA 45825
Attorneys for Trina Marie Welch
Federal Defenders of
Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Steve_Roberts@fd.org

Response in Opposition to Petition to Unseal

7