JOSHUA D. HURWIT
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>       Defendant<br><br>and<br><br>JENNA ARTHUN, NICK ARTHUN,<br><br>       Petitioners in the Ancillary<br>       Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT** |

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 1**

This Stipulation is presented to the Court to resolve part of the forfeiture ancillary proceeding in this criminal case, concerning a specific real property, and two claims filed to that property. As further described below, the parties stipulate and request that the Court enter a Final Order of Forfeiture, that the real property be sold by the United States Marshals Service, and that the net proceeds be distributed as agreed.

**Applicable Law and the Court's Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, wire fraud, the Court shall order that the person forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

The forfeiture ancillary proceeding is designed to adjudicate the rights of uncharged third parties who assert an interest in property forfeited from a criminal defendant. *See generally* 21 U.S.C. § 853(n), applicable pursuant to 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(c). Section 853(n) of the Controlled Substances Act provides a procedural framework for most criminal forfeiture and requires that third parties file a petition setting forth their interest. 21 U.S.C. § 853(n)(2). A petitioner must establish by a preponderance of the evidence one of two recognizable interests in the property forfeited from the defendant, either a prior interest that was vested at the time of the commission of the crime, or an interest as a subsequent bona fide purchaser for value without knowledge that the property was subject to forfeiture. *Id.* at § 853(n)(6)(A) and (B). "At the end of the ancillary proceeding, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). The criminal defendant may not object to the final order of

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 2**

forfeiture because the defendant's rights were forfeited by the preliminary order. Fed. R. Crim P. 32.2(b)(4)(A) and (c)(2). In this Stipulation, the parties seek a final order of forfeiture recognizing some interest of two petitioners claiming interest in a specific real property.

**The Subject Property**

This Stipulation concerns the following property identified for forfeiture with legal descriptions in the Indictment and in Defendant's Plea Agreement, which will be referred to herein as "501 E Walnut": 501 E Walnut Avenue, Osburn, Shoshone County, Idaho, parcel number OCC00500370110A. (Indictment, ECF No. 1; Plea Agreement, ECF No. 45 at 8.) Record owners are Nickolas R. Arthun and Jenna G. Arthun by Quitclaim deed recorded August 2, 2017, instrument 490219, describing the property as:

> Lot 11, Block 37, of the Replat of Block 37, Township of Osburn, Shoshone County, State of Idaho according to the official and recorded plat thereof.

**Preliminary Order of Forfeiture, Notice, and Filed Claims**

The Court already forfeited the interests of criminal Defendant Trina Welch in several real properties including 501 E Walnut. (Preliminary Order of Forfeiture, ECF No. 52.) Defendant's Plea Agreement establishes a sufficient factual nexus, under the applicable statutes mentioned above, for forfeiture of fraud proceeds in 501 E Walnut. (ECF No. 45.)

The United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A). This included publication on an official government internet site (www.forfeiture.gov). The United State filed notice of service by publication. (ECF Nos. 58, 58-1.) *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 3**

Jenna and Nick Arthun ("Petitioners") filed separate petitions claiming an interest in 501 E. Walnut. (ECF Nos. 56, 59.) Neither Petitioner indicated that they were represented by counsel. Both Petitioners understand that they may hire and consult with an attorney at any time and that the Assistant United States Attorneys, federal agents, and other representatives of the government represent and advocate for the interests of the United States and cannot provide legal advice to Petitioners.

Jenna's petition described the property as below. Jenna primarily claimed that she and Nick paid costs of construction of $70,000, completed "finish work" on the residence, and that Jenna acted as general contractor. Jenna states that she and Nick were unaware of Trina Welch's illegally obtained funds. (ECF No. 56.)

| Asset ID | Asset Description |
|---|---|
| | 501 E Walnut Ave., Osburn, ID, Shoshone County, C-0050-037-011-0A |

Nick's petition described the property as below. The primary financial evidence he provided was that he won $200,000 in the lottery in 2016. (ECF No. 59.)

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | OCC00500370110A | Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng?Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025 (501 E. Walnut Avenue, Osburn, Idaho, Shoshone County, 83849) |

The Preliminary Order of Forfeiture describes the property as:

> Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng/Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025 (Owner of Interest: Trina Welch)

Petitioners acknowledge that that the property descriptions vary in their petitions, the Indictment, and other documents in this case. Nevertheless, this Stipulation applies to all of

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 4**

Petitioners' interest in the property generally described as 501 E Walnut, Osburn, ID, regardless of any variations in description.

**Evidence of Fraud Proceeds Traced to 501 E Walnut**

The United States traced proceeds of Trina Welch's fraud scheme into 501 E. Walnut and calculated Petitioners' interest, resulting in the following summary.



The parties agree that Defendant directed traceable fraud proceeds of $233,675, or 81% of the value to 501 E Walnut and that Nick and Jenna Arthun contributed $55,437, or 19% of the value to the property. Documents supporting this calculation are available to Petitioners from the United States Attorney's Office.

**The Agreement and Waivers**

The parties agree to request through this stipulation that the Court enter a Final Order of Forfeiture that orders and recognizes the following:

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 5**

The Court will enter a Final Order of Forfeiture (FOF) forfeiting to the United States of America all interest in 501 E Walnut such that the United States may sell 501 E Walnut.

The Final Order of Forfeiture will recognize Petitioners' 19% interest in 501 E Walnut and direct that the United States will pay, or cause to be paid, to Petitioners, 19% of net sale proceeds.

This Stipulation is the result of a compromise and settlement, and not intended to reflect any admission of criminal conduct or culpability on the part of any individual. The United States does not assert, based upon known evidence, that either Petitioner had any criminal culpability in the Defendant's fraud scheme.

Petitioners understand that net proceeds will be after costs of sale, which could include, but are not limited to, costs incurred by the United States Marshals Services, its contractors, and real estate agents, such as relator fees, advertising, maintenance, inspection, remediation, improvements, taxes owed, prior unpaid mortgages, etc. There is no promise, guarantee, or representation as to the amount of net proceeds, which will be subject to many unpredictable factors including market fluctuation.

Petitioners understand that any payment to either of them may be offset pursuant to the Treasury Offset Program ("TOP"), which may offset for TOP-recognized debts such as back taxes or child support. The following notice applies:

> NOTICE: Federal law requires the Department of the Treasury and other disbursing official to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support). If an offset is made to the payment to be made pursuant to this agreement, Petitioners will receive a notification from the Department of the Treasury at the last address provided by Petitioners to the governmental agency or entity to whom the offset payment is made. If Petitioners believe that the payment may be subject to an offset, Petitioners may contact the Treasury Department at 1-800-304-3107. The terms of this settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations the Petitioners owe to the United States or an individual state.

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 6**

Petitioners understand that the 19% of net proceeds will be divided evenly and paid individually to the benefit of each Petitioner – *i.e.*, 9.5% each. The United States makes no promises or representations regarding the effect, or recognition, in federal court, of any state court proceedings, including divorce decrees, To the extent that Petitioners agree on a different allocation of the 19% of net proceeds, they may, 14 days prior to closing, file a stipulation in federal court in this case reflecting that agreement, which stipulation the United States will consider.

Petitioners agree to cooperate fully in the listing, marketing, and sale of 501 E Walnut, including by making the property available and accessible, signing documents, and participating in the closing process.

Petitioners agree to unconditionally release and hold harmless the United States government and its agents and contractors from any and all claims, demands, damages, causes of action or suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure, restraint, custody, release, return, settlement or forfeiture of 501 E Walnut or any other property forfeited from the Defendant in this case, said release includes the Department of Justice, the United States Attorney's Office for the District of Idaho, the FBI, and any other involved federal, state, or local agency, including any officers, employees, contractors, and agents thereof.

The United States had reasonable cause for the commencement of this action, and for the seizure of the res and forfeiture of the assets herein, and the parties stipulate to the entry of a certificate of reasonable cause according to 28 U.S.C. § 2465 as part of the Final Order of Forfeiture.

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 7**

This settlement constitutes a resolution of all claims of Petitioners as to 501 E Walnut and as to any other property forfeited in this criminal case.

The parties will bear their own costs and attorney fees in this matter.

The United States will submit a proposed order of forfeiture to the Court via email and email to Petitioners a copy of that proposed order.

By signing below, Petitioners and the United States indicate their agreement to this Stipulation and to request that the Court issue a Final Order of Forfeiture, as described above. This Stipulation will take effect, and be binding, only when it is signed by both Petitioners and the United States and is filed by the United States in federal district court in this criminal case.

_____  
Nicholas Arthun, Petitioner

11-16-22  
Date

_____  
Jenna Arthun, Petitioner

11/15/2022  
Date

JOSHUA D. HURWIT  
UNITED STATES ATTORNEY  
By:

_____  
WILLIAM M. HUMPHRIES and KEVIN T. MALONEY   Date  
Assistant United States Attorneys

11-17-2022

**STIPULATION FOR SETTLEMENT OF THIRD-PARTY CLAIMS TO REAL PROPERTY SUBJECT TO FORFEITURE AND FOR FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT - 8**