UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>    Defendant<br><br>and<br><br>JENNA ARTHUN, NICKOLAS ARTHUN,<br><br>    Petitioners in the Ancillary Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT, AND RECOGNIZING THIRD-PARTY INTEREST** |

This matter comes before the Court on the United States' and Petitioners' Stipulation For Settlement Of Third-Party Claims To Real Property Subject To Forfeiture And For Final Order Of Forfeiture Regarding Specific Property, 501 E Walnut. (Dkt. 99.) (The "Stipulation.") In summary, as more fully described below, the Court accepts the

FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT, AND RECOGNIZING THIRD-PARTY INTEREST - 1

Stipulation and enters this Final Order of Forfeiture against the property described as 501 E. Walnut, Osburn, Idaho and recognizes Petitioners' interest in the proceeds of the sale of that property.

### **Applicable Law and the Court's Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, wire fraud, the Court shall order that the person forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

The forfeiture ancillary proceeding is designed to adjudicate the rights of uncharged third parties who assert an interest in property forfeited from a criminal defendant. *See generally* 21 U.S.C. § 853(n), applicable pursuant to 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(c). Section 853(n) of the Controlled Substances Act provides a procedural framework for most criminal forfeiture and requires that third parties file a petition setting forth their interest. 21 U.S.C. § 853(n)(2). A petitioner must establish by a preponderance of the evidence one of two recognizable interests in the property forfeited from the defendant, either a prior interest that was vested at the time of the commission of the crime, or an interest as a subsequent bona fide purchaser for value without knowledge that the property was subject to forfeiture. *Id.* at § 853(n)(6)(A) and (B). "At the end of the ancillary proceeding, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). The

criminal defendant may not object to the final order of forfeiture because the defendant's rights were forfeited by the preliminary order. Fed. R. Crim P. 32.2(b)(4)(A) and (c)(2).

### The Subject Property

This Order applies to the property commonly known as 501 E Walnut Ave., Osborn, Idaho, as described in the Indictment and Plea Agreement in this case (Dkts. 1 and 45 at 8), as forfeited from the Defendant in the Preliminary Order of Forfeiture (Dkt. 52), and as described in the filed third-party Petitions of Nickolas Arthun and Jenna Arthun (Dkts. 56 and 59). According to the Stipulation, record owners are Nickolas R. Arthun and Jenna G. Arthun by Quitclaim deed recorded August 2, 2017, instrument 490219, describing the property as:

> Lot 11, Block 37, of the Replat of Block 37, Township of Osburn, Shoshone County, State of Idaho according to the official and recorded plat thereof.

This Order will refer to the Property as "501 E Walnut."

### Procedural Background and Publication

The Court previously forfeited the interests of criminal Defendant Trina Welch in several real properties including 501 E Walnut. (Preliminary Order of Forfeiture, Dkt. 52.)

The record indicates that the United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A). This included publication on an official government internet site (www.forfeiture.gov). The United State filed notice of service by publication. (Dkts. 58, 58-1.) *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of

FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT, AND RECOGNIZING THIRD-PARTY INTEREST - 3

the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

Jenna and Nickolas Arthun ("Petitioners") filed separate petitions claiming an interest in 501 E. Walnut. (Dkts. 56, 59.) Neither Petitioner indicated that they were represented by counsel. Both Petitioners indicated in the Stipulation that they understand that they may hire and consult with an attorney at any time and that the Assistant United States Attorneys, federal agents, and other representatives of the government represent and advocate for the interests of the United States and cannot provide legal advice to Petitioners.

Jenna Arthun's Petition primarily claimed that she and Nick paid costs of construction of $70,000, completed "finish work" on the residence, and that Jenna acted as general contractor. Jenna states that she and Nick were unaware of Trina Welch's illegally obtained funds. (Dkt. 56.) Nickolas Arthun's Petition primarily claimed that he won $200,000 in the lottery in 2016. (Dkt. 59.). In the Stipulation, Petitioners acknowledged that that the property descriptions vary in their petitions, the Indictment, and other documents in this case. Nevertheless, they agreed that the Stipulation and this Final Order of Forfeiture apply to all of Petitioners' interest in the property generally described as 501 E Walnut, Osburn, ID.

**Factual Basis**

The Stipulation provides a summary of the fraud proceeds traced by the United States from the Defendant's fraud scheme into the property at 501 E Walnut. The United States and Petitioners agree that the value of the property is 81% traceable to fraud proceeds

and therefore subject to forfeiture to the United States and 19% derived from non-fraud contributions by Petitioners. The Defendant's plea agreement included admissions by the Defendant that she used fraud proceeds to purchase and pay expenses for numerous properties, including 501 E Walnut. (Dkt. 45 at 4, 7.) The Stipulation and Defendant's Plea Agreement establish a sufficient factual nexus, under the applicable statutes and rules mentioned above, for a Final Order of Forfeiture of fraud proceeds in 501 E Walnut.

### The Court's Orders

The Court therefore ORDERS the following.

1. The Stipulation for Final Order of Forfeiture (Dkt. 99) is accepted and GRANTED.
2. This Final Order of Forfeiture incorporates the terms of the Stipulation and orders the parties to comply with the Stipulation. This Order recognizes Petitioners' 19% interest in 501 E Walnut and directs that the United States will pay, or cause to be paid, to the benefit of Petitioners, 19% of net sale proceeds, consistent with the Stipulation. (Payments to Petitioners may be offset by the Treasury Offset Program, as noted in the Stipulation.)
3. This Order terminates the rights of any other third parties whose claims were denied by the Court or who failed to file a claim. (*See* Rule 32.2, 2000 Committee Notes.)
4. The Court directs the United States Attorney General (or a designee) to seize the forfeited property, 501 E Walnut, as described in this Order and the Preliminary Order of Forfeiture.

5. Petitioners shall cooperate fully in the listing, marketing, and sale of 501 E Walnut, including by making the property available and accessible, signing documents, and participating in the closing process.

6. If Petitioners have already vacated the premises, the United States may take immediate and complete possession. If not, Petitioners shall have 14 days from the date of this order to vacate. In either case, the United States is authorized to make immediate inspection of the entire property, exterior and interior, and to take any reasonable steps to preserve the value of the property.

7. This Order shall constitute a certificate of reasonable cause according to 28 U.S.C. § 2465 and establish a finding that the United States had reasonable cause for the commencement of this action, and for the seizure and forfeiture of 501 E Walnut.

8. All right, title and interest to the Subject Property is hereby condemned, forfeited and vested in the United States. No claim of interest in said property shall exist in any other person or entity, except as expressly noted herein. Said property shall be disposed of according to law.

9. All parties herein shall bear their own costs and fees.

DATED: November 17, 2022

David C. Nye
Chief U.S. District Court Judge

FINAL ORDER OF FORFEITURE REGARDING SPECIFIC PROPERTY, 501 E WALNUT, AND RECOGNIZING THIRD-PARTY INTEREST - 6