JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>    Defendant<br><br>and<br><br>DERRICK ARTHUN,<br><br>    Petitioner in the Ancillary Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR FAILURE TO STATE A CLAIM** |

COMES NOW the United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, and respectfully moves this Court, pursuant to Criminal Rule 32.2(c)(1)(A), for an order dismissing the petition filed by Derrick Arthun (hereinafter "Petitioner") on April 19, 2022 ("Petition").  Sealed ECF No. 60.  The United States moves to dismiss the Petition for several reasons, including lack of standing and failure to state a claim (Fed. R. Cr. P. 32.2(c)(1)(A)) for failure to plead and meet the statutory requirements in 21 U.S.C. § 853(n)(2), (3), and (6).

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 1**

In short, defendant Trina Welch ("Defendant") purchased the property at issue completely with proceeds from her crime and included Petitioner on the deed with her. Petitioner is not a bona fide purchaser for value and, thus, has no interest to overcome the forfeiture. Even taking as true the assertions and documents in and attached to the Petition, Petitioner has not met his burden to show that he has a superior interest or that he is a bona fide purchaser for value required under § 853(n)(6). He admits that his mother, the defendant, Trina Welch, bought the property after her embezzlement had already begun.

In addition, the Petition fails the basic pleading requirements of § 853(n)(3), and Petitioner has not established that he has standing by showing the transfer of the property at issue was not a fraudulent transfer.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This forfeiture action stems from the criminal conduct of defendant Trina Welch ("Defendant") from at least 2013 until July 3, 2019, in which she committed Wire Fraud in violation of 18 U.S.C. § 1343. Plea Agreement, ECF No. 45. She used her bookkeeping and accounting position at her employer to engage in a scheme to defraud her employer and embezzle funds of at least $3,674,338.86. Defendant was indicted on February 19, 2020. Indictment, ECF No. 1. She signed a plea agreement, which was filed on January 14, 2022. ECF No. 45.

The United States sought a Preliminary Order of Forfeiture related to six parcels of real property. ECF No. 51. The Court entered the Preliminary Order of Forfeiture as to the parcels of real property, including 211 N. Hill Avenue, Smelterville, Idaho, on March 2, 2022. ECF No. 52. The legal description of 211 N. Hill Avenue, Smelterville, Idaho is as follows:

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 2**

> Lot 17, Block 7 of Smelterville First Addition, according to the official and recorded plat thereof filed in the official Records of Shoshone County, State of Idaho.

ECF No. 52. The real property at 211 N. Hill Avenue, and legally described above, will be referred to herein as the "Property." The Preliminary Order of Forfeiture extinguished any interest of Defendant at the time of sentencing. Fed. R. Crim. P. 32.2(b)(4).

Defendant admitted in her plea agreement that her fraud (embezzlement) started in 2013. ECF No. 45 at 4. She admitted that she "used personal bank account funds to purchase and pay expenses for numerous properties wherein she, or others related to her, are listed as the property owners, including those real properties listed in the forfeiture section . . . . The United States found that . . . the properties . . . were paid for with illegally received funds . . . ." ECF No. 45 at 5. The Property is listed as one of the real properties in the forfeiture section. ECF No. 45 at 8.

On March 8, 2022, the United States published notice of the forfeiture on an official government website for 30 consecutive days. ECF No. 58. Petitioner was sent notice of the forfeiture on March 15, 2022. ECF No. 60 at 5-11. The notice advised the Petitioner of the procedures for filing a claim to any of the property pursuant to 21 U.S.C. § 853(n). *Id.*

Petitioner filed the Petition on April 19, 2022. Sealed ECF No. 60. Petitioner identified the Property as the property to which he claims an interest. Sealed ECF No. 60 at 13-14. Petitioner's explanation of why he has "a valid, good faith, and legally recognizable interest in this asset" is as follows: "I am an innocent owner of this property. This property was purchased for me and funded by my mom, Trina Welch, and I was to make payment for the purchase." Sealed ECF No. 60 at 14. Petitioner attached a Warranty Deed dated in October 2015 that purports to transfer the Property to "Trina Welch, a married woman and Derrick J. Arthun, an unmarried man." The documentation attached to the Petition shows that the Property was purchased with cash. Sealed ECF No. 60 at 26. Petitioner provided no proof that he contributed

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 3**

anything toward the Property. *See* Sealed ECF No. 60. He also provides no statement or proof that he occupied or controlled the Property. *See id.*

The Court sentenced Defendant on September 16, 2022. ECF Nos. 87-88. The Court entered an Order of Criminal Forfeiture Money Judgment for $3,674,338.86. ECF No. 90.

As noted above, Petitioner states in his Petition that "[t]his property was purchased for me and funded by my mom, Trina Welch . . . ." Sealed ECF No. 60 at 14. Consistent with that statement, the government has traced the proceeds from Defendant's crime to the purchase of the Property. All the funds used to purchase the Property came from fraudulently obtained funds. Below is a flow chart showing the tracing of the funds.



## II. SUMMARY OF ARGUMENT

First, and foremost, Petitioner's Petition does not meet the burden of establishing either 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B). The Petition includes an admission that Defendant purchased the Property, and the only evidence of ownership is the Warranty Deed and title

company documents. The Petition lacks particularity and documentation demonstrating how Petitioner meets the requirements of 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B). Petitioner cannot have a superior legal interest as required by 21 U.S.C. § 853(n)(6)(A) because the Property was purchased with fraud proceeds. The government's interest in the funds used to purchase the Property vested at the time of the crime under the relation back doctrine. Therefore, no one can have a superior interest to the government in crime proceeds or property purchased with proceeds. In addition, Petitioner is not a bona fide purchaser for value as required under 21 U.S.C. § 853(n)(6)(B) because he gave nothing of value in exchange for an interest in the Property.

Second, Petitioner has not satisfied the requirements of 21 U.S.C. § 853(n)(3), which includes setting "forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

Third, Petitioner fails to satisfy § 853(n)(2) by proving he has standing. To do so, he must show the transfer of the Property was valid under state law and not a fraudulent transfer. He has not made such a showing, or even tried. Defendant used fraudulent funds to purchase the Property while Petitioner provided no value.

Thus, Petitioner fails to state a claim. The United States seeks dismissal of his Petition. The lack of evidence and particularity eliminates the need for a hearing. *See* Fed. R. Crim. P. 32.2(c)(1).

### III. DISCUSSION

"An adjudication pursuant to section 853(n) is the sole judicial recourse that has been provided by Congress to third party petitioners . . . ." *United States v. Pegg*, No. CRIM.7:97-CR-30(HL), 1998 WL 34309460, at *2 (M.D. Ga. Nov. 25, 1998).

### A.  Dismissal of third-party claim without a hearing.

Pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, the district court may dismiss a third-party claim "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1339, 1342 (11th Cir. 2009) (citation omitted). In considering a motion to dismiss for failure to state a claim, the Court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A). Generally, the Court may consider documents attached to the petition or incorporated by reference. *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014). Without a hearing, the Court may dismiss any petition that fails to satisfy § 853(n)'s pleading requirements. *See Pegg*, 1998 WL 34309460, at *2 (citing *United States v. BCCI Holding (Luxembourg), S.A.*, 980 F. Supp. 1 (D.D.C. 1997)); *see also United States v. Lima*, No. 8:09-cr-377-T-17TBM, 2011 WL 5525339, at *2 (M.D. Fla. Oct. 19, 2011) (dismissing a petition, without a hearing, due to lack of standing and failure to state a claim to the forfeited property); *United States v. Kokko*, No. 06-20065 CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) (dismissing a petition claiming only a conclusory interest without a hearing, for failing to comply with the pleading requirements of § 853).

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 6**

### B. Particularity is required in a petition, and it is strictly construed.

Pursuant to 21 U.S.C. § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). These elements are required. *See United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) (quoting 21 U.S.C. § 853(n)(3)); *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing.").

Given the substantial danger of false claims in forfeiture proceedings, courts "strictly construe" the pleading requirements. *See United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) ("failure to provide sufficient detail regarding the nature of the petitioner's interest as required by § 853(n) provides grounds for dismissal"); *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing for failure to state a claim).

### C. Petitioner has not met the requirements of 21 U.S.C. § 853(n)(3).

"Failure to file a petition that satisfies the requirements of section 853(n)(3) is grounds for dismissal without a hearing." *Pegg*, 1998 WL 34309460, at *2. The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property . . . ." 21 U.S.C. § 853(n)(3).

> It is not enough for the claim to state merely that the claimant has an "interest" in the property, or that he was in possession of it when it was seized. Rather, the claim must state the statutory and factual basis for the claim in sufficient detail to

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 7**

> allow the court to determine if a motion to dismiss for failure to state a claim should be granted, and to provide guidance as to what discovery is needed. In particular, this means that the claim must state whether it is made pursuant to Section 853(n)(6)(A) or (B) . . . .

Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 23-5.b (3d Ed. 2022) (internal footnotes and related citations omitted); *see also United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) ("Nor has she specified in her petition whether her interest comes under § 853(n)(6)(A) or (6)(B)."). A petition must also state "the time and circumstances of the petitioner's acquisition." 21 U.S.C. § 853(n)(3). "[I]t is not sufficient for the claimant to state in a conclusory fashion that he owns or has an interest in the property; he must provide details and supporting facts." Cassella, *supra*, § 23-5.d, at 955. For example, "courts must 'look beyond bare legal title' and whether a petitioner had a 'property interest under state law,' to determine whether he has a valid legal interest in the property. In doing so, courts must inquire whether the petitioner is a mere nominee—that is, 'existing in name only, not in reality'—or a true owner of the forfeited property." *United States v. Chandler*, No. 118CR00079MOCWCM, 2019 WL 1427556, at *4 (W.D.N.C. Mar. 29, 2019) (internal citations omitted). "The petitioner is a true owner if he had actual dominion and control over the property at issue." *Id.* The Fourth Circuit affirmed a court that found no dominion and control where the third-party petitioner in whose name the property was titled did not pay for the property and did not pay taxes on the property. *See In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005).

"[W]hen the claim is based on the bona fide purchaser provision in Section § 853(n)(6)(B), the 'time and circumstances' requirement in § 853(n)(3) means that the claim must contain facts supporting the claimant's contention that []he was without cause to believe that the property was subject to forfeiture at the time []he acquired it." Cassella, *supra*, § 23-5.d, at 956 (citing *United States v. Valentin-Acevedo*, 625 F. App'x 16, 19 (1st Cir. 2015)

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 8**

("[petitioner] provided no evidence at all that she then had no cause to believe that the property was subject to forfeiture")).

Here, Petitioner fails to satisfy the requirements of § 853(n)(3). Petitioner states that he has an ownership interest based on a deed recorded in the county recorder's office. He claims to be an innocent owner, but he admits that the Property "was purchased for me and funded by my mom, Trina Welch, and I was to make payment for the purchase." He provides no evidence, assertion, or statement that he contributed anything at the time of acquisition or afterward toward the Property or that he has or has every had dominion or control over the Property. He also does not state if he seeks the Property under § 853(n)(6)(A) or (B). The closest thing in his petition is his statement that he is an innocent owner. That is insufficient.

Petitioner does not provide sufficient detail as to his interest or the time and circumstances of the acquisition. He provides nothing to overcome the conclusion that he is simply a nominee for his mother and had no dominion or control over the Property. As such, looking behind the names on the deed, Petitioner has provided nothing to show that he has a valid legal interest and that he is not a mere nominee. *See Chandler*, 2019 WL 1427556, at *4. From the few statements in the Petition that Trina Welch purchased the Property for Petitioner, and the lack of any information showing that Petitioner exercised dominion and control over the Property, the Petition should be dismissed for failure to comply with 21 U.S.C. § 853(n)(3). *See In re Bryson*, 406 F.3d at 291.

Lastly, he provides nothing to show that he had no cause to believe that the Property was subject to forfeiture. *See Valentin-Acevedo*, 625 F. App'x at 19.

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 9**

### D. Petitioner fails to satisfy 21 U.S.C. § 853(n)(2)'s standing requirement because he has not shown that the transfer was not a fraudulent transfer.

Under 21 U.S.C. § 853(n)(2), a petitioner must show that he has standing. In other words, a petitioner must "establish that the assignment was valid under state law and was not a fraudulent transfer that may have been designed to frustrate the Government's ability to obtain title to the property through forfeiture." Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 23-13.l, at 1004 (3d Ed. 2022). The Ninth Circuit has "found the mere existence of a Ponzi scheme sufficient to establish the actual intent to hinder, delay, or defraud creditors under 11 U.S.C. § 548(a) and California Civil Code § 3439.04(a), or another state's equivalent fraudulent transfer statute." *In re Slatkin*, 525 F.3d 805, 814 (9th Cir. 2008). Thus, "[p]leading guilty to a fraudulent scheme is 'sufficient to establish the actual intent to hinder, delay, or defraud creditors,' and thereby provides a basis for a court to determine that a related transfer is a fraudulent conveyance." *United States v. Peterson*, 820 F. Supp. 2d 576, 583 (S.D.N.Y. 2011), *aff'd sub nom. United States v. Crew*, 537 F. App'x 3 (2d Cir. 2013) (citing *In re Slatkin*, 525 F.3d at 814). If forfeited property is transferred in violation of state fraudulent transfer law, then there is no standing. *United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1192 (9th Cir. 2004).

Here, the transaction that put Petitioner's name on the deed was a fraudulent transfer; thus, he does not have standing under 21 U.S.C. § 853(n)(2). "Every instrument . . . affecting an estate in real property . . . made with intent to defraud prior or subsequent purchasers thereof, or encumbrancers thereon, is void . . . ." Idaho Code § 55-901. Also, "[e]very transfer of property . . . with intent to delay or defraud any creditor or other person of his demands, is void . . . ." Idaho Code Ann. § 55-906. "Pleading guilty to a fraudulent scheme is 'sufficient to establish the actual intent to hinder, delay, or defraud creditors,' and thereby provides a basis for a court to

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 10**

determine that a related transfer is a fraudulent conveyance." *Peterson*, 820 F. Supp. 2d at 583 (citing *In re Slatkin*, 525 F.3d at 814).

Defendant pleaded guilty to intentionally engaging in a wire fraud scheme to fraudulently take money from her employer. ECF No. 45. Petitioner admits that all the funds used to purchase the property came from Defendant after the time Defendant started her fraudulent scheme. He gave nothing of value to have his name on the deed to the Property. Thus, the purchase of the Property and putting Petitioner's name on the deed was with the intent to hinder, delay, and defraud the United States and Defendant's victim, and Petitioner does not have standing in this ancillary proceeding.

> **E.    Most importantly, Petitioner does not demonstrate with particularity under 21 U.S.C. § 853(n)(6)(A) or (B), that he has a superior interest or is a bona fide purchaser.  The Property was purchased with fraud proceeds, and Petitioner gave no value.**

A viable petition must state a claim that would prevail under 21 U.S.C. § 853(n)(6). Subsection (n)(6) recognizes only two classes of petitioners who may have a valid interest in property ordered to be forfeited: (A) those with a legal interest that was superior to the defendant's when the offense was committed, and (B) those who qualify as bona fide purchasers for value without knowledge that the property was subject to forfeiture. 21 U.S.C. §§ 853(n)(6)(A) & (B). A petitioner must show this by a preponderance of the evidence. *Nava*, 404 F.3d at 1125. Thus, to obtain relief, third parties claiming an interest in the forfeited property must show either a superior interest or status as a bona fide purchaser. *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000).

For both types of claims, state law will determine if claimants have a property interest, but federal law determines whether or not that interest can be forfeited. *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996).

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 11**

Because the Petition does not plead facts that, if true, would provide the Court a basis upon which to grant Petitioner relief, the petition fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

### 1. Petitioner fails to establish the requirements under 21 U.S.C. § 853(n)(6)(A) for a superior interest

A claim under 21 U.S.C. § 853(n)(6)(A) requires a

> petitioner to establish by a preponderance of the evidence that: "the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was *vested in the petitioner* rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture*."

*United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000) (quoting 21 U.S.C. § 853(n)(6)(A)) (italics in original). "Forfeitable property 'vests in the United States upon the commission of the act giving rise to forfeiture.'" *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir.), *cert. denied*, 143 S. Ct. 209 (2022) (quoting 21 U.S.C. § 853(c)). This is called the relation-back doctrine. "[T]he Ninth Circuit held in *Hooper* that the effect of Section 853(n)(6)(A) is to preclude a third party from *ever* successfully contesting the forfeiture of criminal proceeds, or property acquired with criminal proceeds, unless the third party is a bona fide purchaser for value." Cassella, *supra*, § 23-15.b, at 1019. "[T]he Government's interest attaches at the time of the crime, in order to prevent criminals from distributing the proceeds of crime to friends, relatives, and straw persons." *United States v. Wilson*, 659 F.3d 947, 953 (9th Cir. 2011) (referencing *Hooper*).

Here, Petitioner makes no effort to establish that he had a vested or a superior interest "at the time of the commission of the acts which gave rise to the forfeiture of the property" as required under 21 U.S.C. § 853(n)(6)(A). That may be because it is impossible. The fraud started in 2013 and the deed at issue was executed in 2015. The United States' interest in the

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 12**

fraud proceeds used to purchase the Property vested at the time of the crime, which is before the Property was purchased and a deed executed. The United States had its vested interest in the proceeds as soon as the crime was committed under the relation-back doctrine and, thus, Petitioner cannot claim a superior interest needed under 21 U.S.C. § 853(n)(6)(A).

### 2. Petitioner fails to establish the requirement of being a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B)

A claim under 21 U.S.C. § 853(n)(6)(B) requires a showing, by a preponderance of the evidence, of a legal interest, by a bona fide purchaser for value, without notice of any defects in title. *United States v. Lazarenko*, 610 F. Supp. 2d 1063, 1069 (N.D. Cal. 2009), *rev'd sub nom on other grounds by United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011); *United States v. Watkins*, 320 F.3d 1279, 1282-83 (11th Cir. 2003).

"Typically, the claimant must show that she gave something of value in exchange for the interest in the property in an arm's-length commercial transaction." Cassella, *supra,* § 23-16.b, at 1036-37 (citing cases where there was no arm's length transaction, such as *United States v. McHan*, 345 F.3d 262, 279 (4th Cir. 2003) and *United States v. White*, 779 F. Supp. 2d 984, 991 (D. Minn. 2011), *aff'd on other grounds*, 675 F.3d 1073 (8th Cir. 2012)). "Donees and family members who receive property from the defendant by inheritance, as a gift, or by operation of the marital property laws are not bona fide purchasers because they give nothing of value in exchange for the property." *Id.* at § 23-16.b, at 1037; *see also In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005) ("We recognize that the term 'bona fide purchaser for value' must be construed liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return." (internal quotation marks omitted.) The court found that no value was proven.); *United States v. Hallinan*, 521 F. Supp. 3d 590, 597 (E.D. Pa. 2021) (concluding that the daughter of the defendant did not give

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 13**

anything of value and, thus, was not a bona fide purchaser for value); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) ("Nor does the original petition sufficiently allege that petitioner was a bona fide purchaser without cause to believe that the property was subject to forfeiture. As noted, a person who receives property subject to forfeiture as a 'gift' cannot be a bona fide purchaser for value.").

Here, Petitioner has provided no evidence that he is a bona fide purchaser for value, and he does not even assert that he is. He provides no assertion or evidence that he provided value. In fact, he states that his mother, Defendant Trina Welch, purchased the property for him. The government has corroborated that the Property was purchased with fraud proceeds. Therefore, Petitioner cannot be a bona fide purchaser for value, and, again, he does not even assert to be one or even reference 21 U.S.C. § 853(n)(6)(B).

## IV. CONCLUSION

The burden lies with Petitioner to establish what is required by forfeiture statutes to succeed in an ancillary forfeiture proceeding. The Property was purchased with fraud proceeds, and Petitioner gave no value. He fails to plead or present a legitimate claim for relief under 21 U.S.C. § 853(n)(6)(A) or (B). Also, Petitioner fails to plead or present enough under 21 U.S.C. § 853(n)(3) and enough for standing under 21 U.S.C. § 853(n)(2). Therefore, the United States respectfully requests that the Court dismiss the Petition (Sealed ECF No. 60) pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).

DATED this 12th day of January 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:
  /s/_____
WILLIAM M. HUMPHRIES
Assistant United States Attorneys

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 14**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2023, the foregoing **MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR FAILURE TO STATE A CLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system and a physical copy was mailed to the following person(s) by:

| | |
|---|---|
| Derrick Arthun <br> ▓▓▓▓▓▓▓▓▓▓▓▓ <br> Hayden Lake, ID 83835 <br><br> Derrick Arthun <br> ▓▓▓▓▓▓ <br> Idaho Falls, ID 83404 <br><br> derrickarthun55@gmail.com | ☒ United States Mail, postage prepaid <br> ☐ fax <br> ☐ ECF filing <br> ☒ email |

*/s/ Christina Willoughby*
Christina Willoughby
FSA Paralegal

**MOTION TO DISMISS THIRD-PARTY PETITION OF DERRICK ARTHUN (SEALED ECF NO. 60) FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM - 15**