UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>TRINA MARIE WELCH,<br><br>            Defendant. | Case No. 2:20-cr-00052-DCN<br><br>**ORDER** |

## I. INTRODUCTION

Pending before the Court is a Motion to Unseal filed by third-parties Keith Sims and Kasco of Idaho, LLC ("Kasco") (collectively "Sims"). Dkt. 95. Defendant Trina Welch opposes the motion. Dkt. 98. Plaintiff, the United States of America ("the Government"), does not. Dkt. 97. Upon review, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Sims's Motion.

## II. BACKGROUND

On February 19, 2020, a grand jury indicted Welch on fifteen different counts. Dkt. 1. On January 25, 2022, Welch plead guilty to one count of wire fraud pursuant to a plea agreement. Dkts. 45, 48. Restitution and forfeiture were complicated in this case and the Court held multiple hearings on the matters. The amount of money involved, the co-mingling of funds, and the various record keeping methods presented a difficult forensic picture. Ultimately, the Court sentenced Welch to 51 months of incarceration and ordered she pay $3,678,642.62 in restitution. Dkt. 93.

ORDER - 1

Keith Sims and his company, Kasco, are the victims of Welch's fraud. They now ask the Court to unseal various records to aid them in a civil suit against Welch. Dkt. 95. Specifically, Sims asks the Court to unseal the following exhibits and records:

> (1) the exhibits to the evidentiary hearing to determine loss, heard by this Court on August 3, 2022, and (2) the character statements submitted on behalf of the defendant, Trina Marie Welch, at sentencing, which took place on September 16, 2022 before this Court, and (3) the NOTICE of claim of assets under forfeiture (filed as Dockett #54 by Norman Welch), submitted to this Court in regard to this Court's order of forfeiture (Docket #52).

Dkt. 95, at 1.

### III. DISCUSSION

Historically, Courts have acknowledged a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Nevertheless, "there is no right of access which attaches to all judicial proceedings, even all criminal proceedings." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Arizona*, 156 F.3d 940, 946 (9th Cir. 1998). A party moving to seal a judicial record must set forth a compelling reason justifying its exclusion from the public sphere. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). But ultimately the decision to seal or unseal any document is within the discretion of the presiding judge. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).

The only legal authority Sims cites in support of the current request is a passing reference to Federal Rule of Civil Procedure 5.2(d) and Federal Rule of Criminal Procedure 49.1(d). These two rules are identical and state that, "The court may order that a filing be

made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d); Fed. R. Crim. P. 49.1(d). Sims puts forth specific reasons for each of the areas requested—which the Court will address below—but the main reason for the request is simple: to save the parties time and money in discovery in their civil suit. Said another way, though this information is *likely* discoverable via the rules of civil procedure in that case, Sims asks the Court to help streamline the process by unsealing certain documents in this case.

    The Court is not implying such a request is inappropriate in and of itself. After all, the Court adheres to Rule 1 and strives to ensure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Using some of the records and exhibits from this first case in that second case may further Rule 1. That said, civil and criminal cases differ in many material respects and the Court does not want information, evidence, or materials submitted in this criminal case to be used *improperly* in a civil case.

    The Court moves next to the three documents (or groups of documents) Sims seeks access to that are currently under seal.

    **A. Loss-hearing Exhibits**

    The Government previously moved to seal certain exhibits it planned to use at the August 3, 2022, evidentiary hearing based upon the idea that the public should not view the checks, bank account numbers, and other private business information they contained. Dkt. 68. The Court granted the Motion. Dkt. 70.

    Though Sims already has access to this information—after all, the exhibits are Kasco's checks and bank records—he argues it would be helpful to have the materials in

the format they were presented in this case because of the unique numbering system used by the FBI and its testifying agent. The Government does not oppose the request. Neither does Welch.

Insofar as no party objects, the Court will grant this portion of the request.

### B. Character Letters for Sentencing

Sims next asks that the character statements offered in support of Welch at sentencing be unsealed as they might shed light on what various individuals knew about Welch's scheme. Specifically, it appears Sims is trying to ascertain to what degree, if any, Welch's husband Norman was involved in her illicit activities and establish his "civil liability." Dkt. 95, at 2–3.

Again, the Government does not oppose this request. Welch, however, strongly opposes this request. The Court agrees with Welch.

Individuals file character letters in support of (or sometimes against) a criminal defendant prior to sentencing and discuss the defendant's character traits, background, and/or contributions to society. These letters are often personal in nature. Each is filed with the presiding judge and generally under seal. They are not, however, "probative of [a defendant's] guilt or innocence." *Braswell v. Phillips*, 2022 WL 696812, at *7 (W.D. Tenn. Mar. 8, 2022). The sentencing judge uses the letters as a resource to gain insight into a defendant as part of sentencing. Letters are submitted for that singular purpose and should not be utilized elsewhere absent exigent circumstances. Unnecessary disclosure could discourage filings in future cases if individual citizens fear his or her private letter to a judge will be used later in another case (or against him or her).

Many character letters were filed in this case. To put it bluntly, the letters tell a story of small-town drama. They were lengthy, personal, emotional, and sometimes inflammatory and accusatory. It is clear this matter has had far-reaching consequences for many people. The statements made in those letters should remain private.

The Court would be hesitant to release the character letters in general; but is even more concerned because Sims wishes to use them against Welch's husband. This use is not appropriate. The letters will not be unsealed.

### C. Norman Welch's Claim

Finally, and relatedly, Sims asks the Court to unseal Noman Welch's Notice of claim of assets under forfeiture. Dkt. 54. Sims has not actually seen this document, but believes the Notice constitutes Norman's effort to retain certain property based upon his community property interest. As the name of the notice suggests, Sims's assumption is correct. Welch is exercising his rights to certain property subject to criminal forfeiture. The Court sealed the Notice at Norman's request because it contained personal identifying information.

Again, the Government does not oppose the request. Welch takes no position on the request because, she too, has not seen the document. Welch's counsel states that Norman's attorney would be in the best position to respond to this specific request and that efforts were made to reach out to no avail. The Court can confirm that Norman—via counsel—has not filed anything regarding Sims's request.

Nevertheless, the Court is not inclined to grant this request either. Like the character letters, any documents Norman has filed in ancillary forfeiture proceedings were submitted

ORDER - 5

for that purpose and that purpose alone. To utilize them now—particularly to weaponize them against another party in another circumstance—is not proper. The Court will not grant this portion of the request.

### IV. CONCLUSION

No objections appearing, the Court will unseal Dkt. 69—the exhibits used at the prior hearing. The Court will not, however, unseal the character letters submitted prior to sentencing or Norman Welch's notice related to forfeiture.[1]

### V. ORDER

IT IS HEREBY ORDERED that:

1. Sims's Motion to Unseal (Dkt. 95) is GRANTED in part and DENIED in part as outlined above.

2. The Clerk of the Court shall unseal Dkt. 69.

DATED: February 10, 2023

David C. Nye
Chief U.S. District Court Judge

---

[1] This Order is not intended to preclude Sims's efforts to discover relevant information about Norman Welch. Sims can likely use the rules of civil discovery *in his state case* to obtain the sought-after information.