JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>　　　　Defendant,<br><br>and<br><br>NORMAN WELCH,<br><br>　　　　Petitioner in the Ancillary<br>　　　　Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM** |

　　　　The United States of America respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), for an order dismissing the "Notice of Claim of Assets Under Forfeiture," which includes a "CLAIM of ASSETS under FORFEITURE," filed on March 31, 2022 ("Claim"), by Norman Welch (hereinafter "Petitioner").  ECF No. 54.[1]  The United States

---

[1] ECF No. 54 is sealed, presumably because of personally identifiable information (PII).  The sealed nature is noted here but reference will simply be made to ECF No. 54 throughout.  No PII is disclosed herein.

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 1**

moves to dismiss the Claim for several reasons, including failure to state a claim (Fed. R. Cr. P. 32.2(c)(1)(A)) and for failure to plead and meet the statutory requirements of 21 U.S.C. § 853(n)(3) and (6). Petitioner fails to provide sufficient information, allegations, and assertions in his Claim to satisfy the requirements of 21 U.S.C. § 853(n)(3) and (6), even assuming what is included in the Claim is true. Petitioner fails to allege that he has a superior interest or is a bona fide purchaser under 21 U.S.C. § 853(n)(6)(A) or (B). In fact, the documents referenced in the Claim (as purportedly showing an interest) all post-date the crime. In addition, Petitioner fails to include sufficient information to satisfy these requirements and those in 21 U.S.C. § 853(n)(3) by a preponderance of the evidence; thus, his Claim must be dismissed.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

   A.   **Criminal Case Leading to Forfeiture**

This criminal forfeiture action stems from the criminal conduct of defendant Trina Welch ("Defendant") from at least 2013 until July 3, 2019, in which she committed Wire Fraud in violation of 18 U.S.C. § 1343. Plea Agreement and Judgment, ECF Nos. 45 and 93. She used her bookkeeping and accounting position at her employer to engage in a scheme to defraud her employer and embezzle funds of at least $3,674,338.86. ECF No. 45. Defendant was indicted on February 19, 2020. Indictment, ECF No. 1. She signed a plea agreement, which was filed on January 14, 2022. ECF No. 45.

Defendant admitted in her plea agreement that her fraud (embezzlement) started in 2013 and continued through and in 2019. ECF No. 45 at 4. She admitted that she "used personal bank account funds to purchase and pay expenses for numerous properties wherein she, or others related to her, are listed as the property owners, including those real properties listed in the forfeiture section . . . . The United States found that . . . the properties . . . were paid for with illegally received funds . . . ." ECF No. 45 at 5. Six parcels of real property are listed in the

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 2**

forfeiture section of the Plea Agreement, and they are included in the Preliminary Order of Forfeiture discussed below. ECF No. 45 at 8.

### B. Preliminary Order of Forfeiture as to Real Properties

The United States moved for a preliminary order of forfeiture related to the six parcels of real property included in the Plea Agreement. ECF No. 51. The Court entered a Preliminary Order of Forfeiture as to the six parcels of real property as described below. ECF No. 52.

1. Real Property located at 413 E. 9th Avenue, Post Falls, Idaho, Kootenai County, Idaho, being parcel number P1350009012A, and more particularly described as follows:

> The West half of vacated Post Street adjoining Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Block E of Deeds at Page 244, records of Kootenai County, Idaho, and the East 30 feet of Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Book E of Deeds, Page 244, records of Kootenai County, Idaho.

2. [Referred to herein as the "**519 Walnut Property**"] – Real Property located at 519 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0050037008AA, and more particularly described as follows:

> Lots 8 and 9, Block 37, Osburn Townsite, according to the official and recorded plat thereof, Shoshone County, State of Idaho. Together with that portion of the vacated alley running through Block 37 vacated by resolution recorded May 10, 1940 as Instrument No. 11383. Together with that vacated portion of Walnut Avenue adjacent to Block 37, by resolution recorded September 6, 1991 as Instrument No, 348939.

3. [Referred to herein as the "**501 Walnut Property**"] – Real Property located at 501 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number OCC00500370110A, and more particularly described as follows:

> Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng/Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 3**

      4.      [Referred to herein as the "**Smelterville Property**"] – Real Property located at 211 N. Hill Avenue, Smelterville, Idaho, Shoshone County, Idaho, being parcel number RPF01000070170**,** and more particularly described as follows:

> Lot 17, Block 7 of Smelterville First Addition, according to the official and recorded plat thereof filed in the official Records of Shoshone County, State of Idaho.

      5.      Real Property located at 1253 Garden Ave., Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0100004013AA, and more particularly described as follows:

> E ½ of Lot 13 20-48-4 W ½ of Lot 14 Block 4 Dunkle Garden Add Osburn.

      6.      Real Property located in St. Regis, Mineral County, Montana, Parcel No. 181400 (Lot 8) in Rivers Acreage, a platted subdivision in Mineral County, St Regis, Montana, and more particularly described as follows:

> Lot 8 of Two Rivers Acreage, a platted subdivision in Mineral County, Montana, according to the official recorded plat thereof.

ECF No. 52.

For all the properties listed above, the Preliminary Order of Forfeiture extinguished any interest of Defendant at the time of sentencing. Fed. R. Crim. P. 32.2(b)(4).

    **C.**    **Forfeiture Notice**

On March 8, 2022, the United States published notice of the forfeiture on an official government website for 30 consecutive days. ECF Nos. 58 and 58-1. Petitioner was sent direct notice of the forfeiture on March 15, 2022, and he received it on March 21, 2022. ECF No. 54.

    **D.**    **Petitioner Filed a Claim; Contents of the Claim**

On March 31, 2022, Petitioner, through his attorney, filed the Claim. ECF No. 54. He signed the Claim under penalty of perjury. *Id.* In the Claim, Petitioner claims an interest in five

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 4**

of the above-described properties, with the 501 Walnut Property being the one property not claimed by Petitioner.[2] *Id.* Below is the portion of the Claim in which Petitioner sets out the specific properties in which he claims an interest. *Id.*

> I hereby claim interest in the following real property:
>
> A. Real property located at 211 Hill Avenue, Smelterville, Idaho 83868 (20-FBI-002688) Parcel # RPF01000070170A.
>
> B. Real Property located at 413 E. 9th Ave., Post Falls, Idaho 83854 (20-FBI-002691) Parcel # P-1350-009-012
>
> C. Real Property located at 519 E. Walnut Ave, Osburn, Idaho 83849 (20-FBI-002790) Parcel # C0050037008AA.
>
> D. Real Property located at 1253 Garden Ave, Osburn, Idaho 83849 (20-FBI-002795) Parcel # RPC0100004013AA.
>
> E. Real Property Lot 8 of Two Rivers Acreage, Saint Regis, MT 59866 (20-FBI-002805) Parcel # 54-2744-19-3-03.

ECF No. 54 at 3. Then Petitioner provides the basis for his interest as follows.

---

[2] After a stipulation between the parties that filed a claim and the United States, the Court issued a Final Order of Forfeiture for the 501 Walnut Property. ECF No. 100. Therefore, the judicial forfeiture process for that property is done, and Petitioner never claimed an interest in that property.

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 5**

> The basis for my claim of interest in the above listed real property is as follows:
>
> A. I have an interest in the real property located at and known as 211 Hill Avenue, Smelterville, Idaho 83868 (20-FBI-002688) Parcel # RPF01000070170A based on my right to and interest in property within the marital community with Trina Welch.
>
> B. I have an interest in the real property located at and known as 413 E. 9th Ave., Post Falls, Idaho 83854 (20-FBI-002691) Parcel # P-1350-009-012 based on my 50% undivided interest of ownership as recorded under file number 555853 in the Kootenai County Idaho Recorder's Office dated July 30, 2014.
>
> C. I have an interest in the property located at and known as 519 E. Walnut Ave, Osburn, Idaho 83849 (20-FBI-002790) Parcel # C0050037008AA based on my 50% undivided interest of ownership as recorded under file number 491538 in the Shoshone County Idaho Recorder's Office dated November 22, 2017.
>
> D. I have an interest in the real property located at and known as 1253 Garden Ave, Osburn, Idaho 83849 (20-FBI-002795) Parcel # RPC0100004013AA based on my 50% undivided interest of ownership as recorded under file number 681579-WA (JS) in the Shoshone County Idaho Recorder's Office dated May 10, 2018.
>
> E. I have an interest in the real property located at and known as Lot 8 of Two Rivers Acreage, Saint Regis, MT 59866 (20-FBI-002805) Parcel # 54-2744-19-3-03 based on my 50% undivided interest of ownership as recorded under file number 116486 in the Mineral County Montana Recorder's Office dated May 22, 2017.

ECF No. 54 at 4.

The Claim also included Petitioner's acknowledgement, signature, and the notice paperwork sent by the U.S. Attorney's Office. *See* ECF No. 54. He did not include a deed or any supporting documentation. *See id.* He did not provide or attach the documents referenced in his Claim. *See Id.* He included no additional explanation or assertions. *See id.*

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 6**

### E. Defendant Sentenced, POF Became Final as to Defendant, and Money Judgment Entered

The Court sentenced Defendant on September 16, 2022.  ECF Nos. 87-88.  The Preliminary Order of Forfeiture became final as to Defendant.  Fed. R. Crim. R. 32.2(b)(4)(A).  The Court entered an Order of Criminal Forfeiture Money Judgment for $3,674,338.86.  ECF No. 90.

## II. SUMMARY OF ARGUMENT

First, and foremost, Petitioner's Claim does not meet the burden of establishing what is required under either 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  Petitioner fails to assert that he is seeking relief under either 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  He does not cite those provisions.  He does not state that he has a superior interest as required 21 U.S.C. § 853(n)(6)(A) or that he is a bona fide purchaser for value as required by 21 U.S.C. § 853(n)(6)(B).  In addition, even if one were to ignore the lack of any assertion under 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B), Petitioner does not provide adequate allegations and information to show that he may prevail by a preponderance of the evidence to satisfy what is required by 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  In short, the Claim lacks particularity and documentation demonstrating how Petitioner meets the requirements of 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  Petitioner cannot have a superior legal interest as required by 21 U.S.C. § 853(n)(6)(A) because, based on what is in his Claim, he did not acquire any interest before the fraud started in 2013.  It is Petitioner's burden of proof.  In addition, Petitioner cannot be a bona fide purchaser for value as required under 21 U.S.C. § 853(n)(6)(B) because he does not allege providing value in exchange for any alleged interest in the real properties in which he asserts an interest.  Again, he has the burden.

Second, Petitioner has not satisfied the requirements of 21 U.S.C. § 853(n)(3), which includes setting "forth the nature and extent of the petitioner's right, title, or interest in the

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 7**

property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." The Claim does not provide adequate information and allegations to satisfy 21 U.S.C. § 853(n)(3).

Thus, Petitioner fails to state a claim, and the United States seeks dismissal of the Claim. The lack of evidence and particularity eliminates the need for a hearing. *See* Fed. R. Crim. P. 32.2(c)(1); *United States v. Walker*, No. 4:16-CR-00111-BLW, 2018 WL 2323464, at *2 (D. Idaho May 22, 2018).

### III.  DISCUSSION

"An adjudication pursuant to . . . [21 U.S.C. §] 853(n) is the sole judicial recourse that has been provided by Congress to third party petitioners . . . ." *United States v. Pegg*, No. CRIM.7:97-CR-30(HL), 1998 WL 34309460, at *2 (M.D. Ga. Nov. 25, 1998).

A claimant must satisfy the requirements of 21 U.S.C. § 853(n)(3), which are:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). These elements are required. *See United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) (quoting 21 U.S.C. § 853(n)(3)); *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing.").

Given the substantial danger of false claims in forfeiture proceedings, courts "strictly construe" the pleading requirements. *See United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) ("failure to provide sufficient detail regarding the nature of the petitioner's interest as required by § 853(n) provides grounds for dismissal"); *United States v. Burge*, 829 F. Supp. 2d

664, 667 (C.D. Ill. 2011) (dismissing for failure to state a claim); *Walker*, 2018 WL 2323464, at *3.

Even if the requirements of 21 U.S.C. § 853(n)(3) are met, then a claimant or petitioner has the burden to establish by a preponderance of the evidence the requirements of 21 U.S.C. § 853(n)(6)(A) or (B). These are the only two grounds for relief. Subsection (n)(6)(A) requires that "the petitioner has a legal right, title, or interest in the property . . . [that] was vested in the petitioner rather than the defendant or was superior to [that] . . . of the defendant at the time of the commission of the" offense(s). If a petitioner cannot prove this, then § 853(n)(6)(B) requires the petitioner prove he or she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B).

Pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure, the district court may dismiss a third-party claim "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1339, 1342 (11th Cir. 2009) (citation omitted). In considering a motion to dismiss for failure to state a claim, the Court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A). Generally, the Court may consider documents attached to the petition or incorporated by reference. *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014). Without a hearing, the Court may dismiss any petition that fails to satisfy § 853(n)'s pleading requirements. *See Pegg*, 1998 WL 34309460, at *2 (citing *United States v. BCCI Holding (Luxembourg), S.A.*, 980 F. Supp. 1 (D.D.C. 1997)); *see also United States v. Lima*, No. 8:09-cr-

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 9**

377-T-17TBM, 2011 WL 5525339, at *2 (M.D. Fla. Oct. 19, 2011) (dismissing a petition, without a hearing, due to lack of standing and failure to state a claim to the forfeited property); *United States v. Kokko*, No. 06-20065 CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) (dismissing a petition claiming only a conclusory interest without a hearing, for failing to comply with the pleading requirements of § 853).

> A. **The Claim must be dismissed because Petitioner has not satisfied the requirements of 21 U.S.C. § 853(n)(3), and Petitioner does not demonstrate with particularity the requirements of 21 U.S.C. § 853(n)(6)(A) or (B).**
>
> 1. <u>Petitioner has not satisfied the requirements of 21 U.S.C. § 853(n)(3).</u>

"Failure to file a petition that satisfies the requirements of section 853(n)(3) is grounds for dismissal without a hearing." *Pegg*, 1998 WL 34309460, at *2. The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property . . . ." 21 U.S.C. § 853(n)(3).

> It is not enough for the claim to state merely that the claimant has an "interest" in the property, or that he was in possession of it when it was seized. Rather, the claim must state the statutory and factual basis for the claim in sufficient detail to allow the court to determine if a motion to dismiss for failure to state a claim should be granted, and to provide guidance as to what discovery is needed. In particular, this means that the claim must state whether it is made pursuant to Section 853(n)(6)(A) or (B) . . . .

Stefan D. Cassella, *Asset Forfeiture Law in the United States* § 23-5.b (3d Ed. 2022) (internal footnotes and related citations omitted); *see also United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1090 (D. Utah 2013) ("Nor has she specified in her petition whether her interest comes under § 853(n)(6)(A) or (6)(B).").

Here, Petitioner does not satisfy § 853(n)(3) because he does not state the statutory and factual basis for the claim to the properties. Petitioner states that he has a community property interest in the properties, but he does not provide any further detail. He also does not specify whether the interest is under § 853(n)(6)(A) or (6)(B).

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 10**

A petition must also state "the time and circumstances of the petitioner's acquisition." 21 U.S.C. § 853(n)(3). "[I]t is not sufficient for the claimant to state in a conclusory fashion that he owns or has an interest in the property; he must provide details and supporting facts." Cassella, *supra*, § 23-5.d, at 955. Importantly, "when the claim is based on the bona fide purchaser provision in Section § 853(n)(6)(B), the 'time and circumstances' requirement in § 853(n)(3) means that the claim must contain facts supporting the claimant's contention that []he was without cause to believe that the property was subject to forfeiture at the time []he acquired it." Cassella, *supra,* § 23-5.d, at 956 (citing *United States v. Valentin-Acevedo*, 625 F. App'x 16, 19 (1st Cir. 2015) ("[petitioner] provided no evidence at all that she then had no cause to believe that the property was subject to forfeiture")).

Here, Petitioner fails to satisfy the requirements of § 853(n)(3) as to the "the time and circumstances of the petitioner's acquisition." For the Smelterville Property, Petitioner states that his interest is "based on my right to and interest in property within the marital community with Trina Welch." ECF No. 54. That is all. He does not provide a deed, the time of the acquisition of an interest, what interest Trina Welch has, or any other detail. The Claim does not have enough information to satisfy § 853(n)(3) for the Smelterville Property.

As for the other four properties, Petitioner states that he has an interest "based on my 50% undivided interest of ownership as recorded under file number," and then he specifies a specific number for each property and references which county and the date of recording. He does not attach the documents he references. He provides no further information. And, importantly, the dates of the documents noted in the Claim are after Defendant's fraud started. Thus, the Claim is insufficient. *See Walker*, 2018 WL 2323464, at *4 (bald assertions and lack of facts require dismissal).

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 11**

Lastly, Petitioner's Claim fails to show that he had no cause to believe that the properties were subject to forfeiture. *See Valentin-Acevedo*, 625 F. App'x at 19; *Walker*, 2018 WL 2323464, at *4. There is nothing in the Claim regarding this requirement. Actually, demonstrating the contrary, the plea agreement of Petitioner's spouse, the defendant, establishes that the properties were financed with embezzled funds. Plea Agreement, ECF No. 45.

As such, and in sum, the Claim lacks sufficient information to comply with 21 U.S.C. § 853(n)(3), and it must be dismissed.

> 2. <u>Petitioner does not demonstrate with particularity under 21 U.S.C. § 853(n)(6)(A) or (B) that he has a superior interest or is a bona fide purchaser. The Property was purchased with fraud proceeds, and Petitioner gave no value.</u>

A viable petition must state a claim that would prevail under 21 U.S.C. § 853(n)(6). Subsection (n)(6) recognizes only two classes of petitioners who may have a valid interest in property ordered to be forfeited: (A) those with a legal interest that was superior to the defendant's when the offense was committed, and (B) those who qualify as bona fide purchasers for value without knowledge that the property was subject to forfeiture. 21 U.S.C. §§ 853(n)(6)(A) & (B). A petitioner must show this by a preponderance of the evidence. *Nava*, 404 F.3d at 1125. Thus, to obtain relief, third parties claiming an interest in the forfeited property must show either a superior interest or status as a bona fide purchaser. *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000).

For both types of claims, state law will determine if claimants have a property interest, but federal law determines whether that interest can be forfeited. *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996).

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 12**

The Claim fails to state a claim upon which relief can be granted and should, therefore, be dismissed because the Petition does not plead facts that, if true, would provide the Court a basis upon which to grant Petitioner relief.

> a. *Petitioner fails to establish the requirements under 21 U.S.C. § 853(n)(6)(A) for a superior interest.*

A claim under 21 U.S.C. § 853(n)(6)(A) requires a

> petitioner to establish by a preponderance of the evidence that: "the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was *vested in the petitioner* rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture.*"

*Hooper*, 229 F.3d at 821 (quoting 21 U.S.C. § 853(n)(6)(A)) (italics in original). "Forfeitable property 'vests in the United States upon the commission of the act giving rise to forfeiture.'" *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir.), *cert. denied*, 143 S. Ct. 209 (2022) (quoting 21 U.S.C. § 853(c)). This is called the relation-back doctrine. "[T]he Ninth Circuit held in *Hooper* that the effect of Section 853(n)(6)(A) is to preclude a third party from *ever* successfully contesting the forfeiture of criminal proceeds, or property acquired with criminal proceeds, unless the third party is a bona fide purchaser for value." Cassella, *supra*, § 23-15.b, at 1019. "[T]he Government's interest attaches at the time of the crime, in order to prevent criminals from distributing the proceeds of crime to friends, relatives, and straw persons." *United States v. Wilson*, 659 F.3d 947, 953 (9th Cir. 2011) (referencing *Hooper*). In addition, when crime proceeds are used to pay the upkeep and other expenses such as the mortgage, the spouse does not have a vested interest.[3] *See United States v. Totaro*, 345 F.3d 989, 996 (8th Cir. 2003).

---

[3] "When proceeds obtained as a result of a violation are invested in real property, equivalent equity in that real property constitutes tainted property under § 853(a)." *United States v. Wolf*,

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 13**

Here, Petitioner makes no effort to establish that he had a vested or a superior interest "at the time of the commission of the acts which gave rise to the forfeiture of the property" as required under 21 U.S.C. § 853(n)(6)(A). Even construing the Claim extraordinarily liberally, the documents referenced in the Claim as recorded in the counties are dated after the fraud began. The earliest document referenced is dated 2014, with the others dated in 2017 and 2018. The fraud started in 2013 and continued into 2019. Indictment, ECF No. 1 at 3; Plea Agreement, ECF No. 45 at 4. The United States had a vested interest in the fraud proceeds from the time of the commission of the crime, which started in 2013 based on the relation-back doctrine. Therefore, Petitioner has not claimed a superior interest needed under 21 U.S.C. § 853(n)(6)(A).

> b. *Petitioner fails to establish the requirement of being a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B).*

A claim under 21 U.S.C. § 853(n)(6)(B) requires a showing, by a preponderance of the evidence, of a legal interest, by a bona fide purchaser for value, without notice of any defects in title. *United States v. Lazarenko*, 610 F. Supp. 2d 1063, 1069 (N.D. Cal. 2009), *rev'd sub nom on other grounds by United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011); *United States v. Watkins*, 320 F.3d 1279, 1282-83 (11th Cir. 2003).

"Typically, the claimant must show that []he gave something of value in exchange for the interest in the property in an arm's-length commercial transaction." Cassella, *supra*, § 23-16.b, at 1036-37 (citing cases where there was no arm's length transaction, such as *United States v. McHan*, 345 F.3d 262, 279 (4th Cir. 2003) and *United States v. White*, 779 F. Supp. 2d 984, 991 (D. Minn. 2011), *aff'd on other grounds*, 675 F.3d 1073 (8th Cir. 2012)). "Donees and family

---

375 F. Supp. 3d 428, 436 (S.D.N.Y. 2019); *see also United States v. Peterson*, 820 F. Supp. 2d 576, 588 (S.D.N.Y. 2011), *aff'd sub nom. United States v. Crew*, 537 F. App'x 3 (2d Cir. 2013) (holding, where real property was held by a petitioner and his criminal defendant-partner as community property, that the petitioner's interest in the property did not extend to the equity in the property generated by his defendant-partner's investment of criminal proceeds).

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 14**

members who receive property from the defendant by inheritance, as a gift, or by operation of the marital property laws are not bona fide purchasers because they give nothing of value in exchange for the property." *Id.* at § 23-16.b, at 1037; *see also In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005) ("We recognize that the term 'bona fide purchaser for value' must be construed liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return." (internal quotation marks omitted.) The court found that no value was proven.); *United States v. Hallinan*, 521 F. Supp. 3d 590, 597 (E.D. Pa. 2021) (concluding that the daughter of the defendant did not give anything of value and, thus, was not a bona fide purchaser for value); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) ("Nor does the original petition sufficiently allege that petitioner was a bona fide purchaser without cause to believe that the property was subject to forfeiture. As noted, a person who receives property subject to forfeiture as a 'gift' cannot be a bona fide purchaser for value.").

Here, Petitioner has provided no evidence that he is a bona fide purchaser for value, and he does not even assert that he is. He provides no assertion or evidence that he provided value. Instead, he claims an interest through his marriage to the defendant, Trina Welch. However, obtaining an interest through a marital relationship does not satisfy the requirement to be a bona fide purchaser for value, especially considering that the United States obtains its interest in fraud proceeds immediately upon the commission of the offense pursuant to the relation-back doctrine. *See* 21 U.S.C. § 853(c); *United States v. Pena-Fernandez*, 401 F. Supp. 3d 223, 230-31 (D.P.R. 2019) (after discussing the case of *Hooper*, 229 F.3d 818 (9th Cir. 2000), the court stated: "Consequently, Rodríguez cannot insulate tainted property from forfeiture by claiming a community property exemption."). Additionally, Petitioner does not even mention why at the

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 15**

time of his alleged acquisition of an interest he was "reasonably without cause to believe that the property was subject to forfeiture . . . ." 21 U.S.C. § 853(n)(6)(B). Therefore, Petitioner cannot be a bona fide purchaser for value, and, again, he does not even assert to be one or even reference 21 U.S.C. § 853(n)(6)(B).

      **B.**    **All community property is subject to the enforcement of the criminal restitution ordered in this case.**

While this motion concerns Petitioner's Claim in the forfeiture proceedings, even if Petitioner were able to prove a valid claim against the forfeiture, all community property is subject to liquidation by the government for satisfaction of the Defendant's restitution debt. In other words, if the Claim is not dismissed and if Petitioner is able to prove a valid community property interest in any of the real properties that defeats forfeiture, any and all of the community property interest of Petitioner, if not forfeited, is subject to the criminal restitution ordered in this case.[4] The Court entered a restitution order of $3,678,642.62 against Defendant. ECF No. 93. Such order is a lien in favor of the United States against all property and rights to property of Defendant, including any and all community property.[5] 18 U.S.C. § 3613(c); *United States v. Berger*, 574 F.3d 1202, 1203 (9th Cir. 2009) ("We hold that community property is available to satisfy a restitution judgment obtained under the MVRA against a criminally liable spouse, including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity."); *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 235 P.3d 1188, 1193 (Idaho 2010) ("[T]his

---

[4] The U.S. Attorney's Office intends to request restoration approval from the Money Laundering and Asset Recovery Section (MLARS) of the Department of Justice for proceeds from forfeited property so that such funds can be paid to the Clerk of the Court to satisfy restitution and pay the victims in this case. Only MLARS has the authority to approve such restoration.
[5] In addition, the U.S. Attorney's Office has filed notices of lien pursuant to 18 U.S.C. § 3613(d) in Kootenai County, Idaho; Mineral County, Montana; and Shoshone County, Idaho.

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 16**

Court has long held that the separate debts of either spouse may be paid from community property."). As such, if Petitioner's Claim is not dismissed and if Petitioner succeeds in claiming a community property interest in any portion of the real properties (or any value thereof) through these criminal forfeiture ancillary proceedings, such a community property interest is subject to the criminal restitution ordered in the criminal case against Defendant. *Berger*, 574 F.3d at 1203; *Lecheminant*, 235 P.3d at 1193. Therefore, the real properties and all the net proceeds from the sale of such properties will either be forfeited or paid toward restitution. No proceeds will or should be paid to Petitioner.

## IV.   CONCLUSION

The burden is on Petitioner to establish what is required by § 853(n) to succeed in an ancillary forfeiture proceeding. He fails to plead or present a legitimate claim for relief under 21 U.S.C. § 853(n)(6)(A) or (B). In fact, in the Claim, Petitioner references recorded documents dated after the crime started. Also, Petitioner fails to plead or present enough under 21 U.S.C. § 853(n)(3). Therefore, the United States respectfully requests that the Court dismiss the Claim (ECF No. 54) pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).

DATED this 21st day of April 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/_____
WILLIAM M. HUMPHRIES
Assistant United States Attorneys

**MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 17**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, the foregoing **Motion to Dismiss Third-Party Petition and Claim of Norman Welch (Sealed ECF No. 54) For Failure to State a Claim** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following in the identified manner:

| | |
|---|---|
| Greg Rauch<br>Magyar, Rauch, & Associates, PLLC<br>326 E. 6 Street<br>Moscow, ID 83843<br>rauch@mralegal.com<br>*Attorney for Norman Welch* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

          */s/ Christina Willoughby*
          Christina Willoughby
          FSA Paralegal