JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>    Defendant,<br><br>and<br><br>NORMAN WELCH,<br><br>    Petitioner in the Ancillary<br>    Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM** |

The United States submits this reply to the *Third Party's Response to Motion to Dismiss Third Party Petition and Claim of Norman Welch (Sealed ECF No. 54) For Failure to State a Claim* filed at ECF No. 107 ("Response") and in support of the Government's *Motion to Dismiss Third Party Petition and Claim of Norman Welch (Sealed ECF No. 54) For Failure to State a Claim* filed at ECF No. 106 ("Motion to Dismiss").  Norman Welch is referred to herein as "Petitioner" and his petition at ECF No. 54 is the "Petition."

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 1**

## DISCUSSION POINTS

I. **The Court must rule on the Motion to Dismiss before setting a deadline for discovery and then setting a hearing on this ancillary proceeding.**

Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), the Court must rule on the Motion to Dismiss before setting a deadline for discovery and then setting a hearing in the ancillary proceeding.

Federal Rule of Criminal Procedure 32.2(c)(1) states as follows:

(c) Ancillary Proceeding; Entering a Final Order of Forfeiture.

(1) In General. If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

(A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

(B) After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

As noted in subsection (c)(1)(A), a motion to dismiss may be filed seeking dismissal of a petition/claim for failure to state a claim or for any other reason. Fed. R. Crim. P. 32.2(c)(1)(A). As in all motions to dismiss, the facts set forth in a petition are assumed true. *Id.* A motion to dismiss must be disposed of before conducting discovery and a hearing on a petition. Fed. R. Crim. P. 32.2(c)(1)(B). Discovery is typically allowed, and a discovery deadline is set before a date for a hearing takes place. *Id.* A motion for summary judgment may be filed before a hearing on the ancillary proceeding takes place. *Id.* This is the process required under Federal Rule of Criminal Procedure 32.2(c)(1).

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 2**

Contrary to Rule 32.2(c)(1), Petitioner asks the Court to "deny the government's motion <u>or</u> to continue and allow for the discovery process and then hold a hearing on the matter." ECF No. 107 at 2 (emphasis added). This is inconsistent with Federal Rule of Criminal Procedure 32.2(c)(1) to the extent that Petitioner asks for discovery and hearing as an alternative to ruling on the Motion to Dismiss. Pursuant to Rule 32.2(c)(1), the Court must decide the Motion to Dismiss before discovery and a hearing can move forward. Fed. R. Crim. P. 32.2(c)(1)(B). Therefore, the Court must rule on the Motion to Dismiss before setting a discovery deadline and a subsequent hearing.

## II. The Government's Motion to Dismiss should be granted because Petitioner's Petition is inadequate under 21 U.S.C. § 853(n).

A motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1339, 1342 (11th Cir. 2009) (citation omitted). Petitioner erroneously states that "[a] motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim . . . ." ECF No. 107 at 2.

Instead,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). "In light of *Twombly* and *Iqbal*, the Ninth Circuit summarized the governing standard as follows: 'In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 3**

plaintiff to relief.'" *Arizona Lithium Co. Ltd. v. Battery Mineral Res. (United States), Inc.*, Case No. 4:17-cv-351-DCN, 2018 WL 715341, at *2 (D. Idaho Feb. 5, 2018) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).  While "a court must accept as true all of the allegations contained in a" petition, legal conclusions are not accepted as true.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Also, "only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of" relief, "the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.  *Id.*  (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

Therefore, here, Petitioner must plead facts that allow the Court to conclude that relief is plausible, not merely possible.  As noted in the Motion to Dismiss, Petitioner has not done this.

Petitioner states, on the bottom of page three and the top of page four of the Response, that if this ancillary proceeding goes to hearing he must prove by a preponderance of the evidence the elements in 21 U.S.C. § 853(n)(6)(A).  *See* ECF No. 107 at 3-4.  It is true that he must prove that, but Petitioner still has to sufficiently plead information to meet the requirements of the various subsections of 21 U.S.C. § 853(n), including the requirements to plead enough to show that relief is plausible under 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  As the Motion to Dismiss describes, Petitioner has not done this, and the Court must rule on the Motion to Dismiss before the ancillary proceeding moves forward.

Similarly, in the "Argument" portion of the Response, Petitioner acknowledges that "the Government has presented issues of valid concern, [but] the Petitioner dispels them and ensures that valid arguments and documentation will be made and provided during a hearing."  ECF No.

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 4**

107 at 4.  The Petitioner states in the next paragraph addressing "four (4) issues that urges the Court to grant a hearing . . . ."  *Id.*  However, a hearing is not appropriate if a petitioner does not meet his pleading burden in the petition and a motion to dismiss is filed.  That is what has happened here.  Petitioner asks the Court not to enforce the required pleading standards.  Petitioner's Petition is inadequate and the Government's Motion to Dismiss points this out.  Petitioner now wants the Court to ignore or skip the requirement for Petitioner to file an adequate petition and plead an adequate claim.  Petitioner cannot ignore the requirement to file an adequate petition and ask the Court to let him provide "valid arguments and documentation . . . during a hearing."  ECF No. 107 at 4.  That is not how this process works.[1]

As just noted, the Court cannot order a hearing and skip the pleadings requirements to allow arguments and documentation that should have been made and provided (or at least referenced and raised) in the Petition.  Nonetheless, and not waiving the argument that the Petition is inadequate and should be dismissed, the Government will address the four issues that Petitioner discusses as reasons why he believes the Court should ignore his failure to file an adequate petition and move on to the hearing stage of the ancillary proceedings.

---

[1] "Every citizen is presumed to know the law . . . ."  *Georgia v. Public.Resource.Org, Inc.*, 206 L. Ed. 2d 732, 140 S. Ct. 1498, 1507 (2020); *see also United States v. Goldsmith*, 541 F. Supp. 3d 1058, 1094 (S.D. Cal. 2021), *appeal dismissed*, No. 21-55793, 2022 WL 1654759 (9th Cir. Apr. 22, 2022) ("All United States citizens are charged with knowledge of all federal statutes and regulations.").  Here, Petitioner has been represented by an attorney.  "Counsel, too, are supposed to know the law applicable to the case they are trying."  *Sica v. United States*, 325 F.2d 831, 836 (9th Cir. 1963); *United States v. Hook*, 781 F.2d 1166, 1173 n.8 (6th Cir. 1986) ("Trial counsel, as well as the court, is expected to know the law of the case he is trying."); *Matter of Gettys*, 205 B.R. 515, 524 (Bankr. S.D. Ohio 1997) ("[A]n attorney is presumed to know the law, and it is incumbent upon an attorney to know the law in an area in which he is practicing, particularly when rendering legal advice."); *see also In re E Z Feed Cube Co., Ltd.*, 123 B.R. 69, 74 (Bankr. D. Or. 1991) ("[A]ttorneys practicing in bankruptcy court are presumed to know the applicable law.").

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 5**

As set forth in the Motion to Dismiss, Petitioner did not provide sufficient facts to meet the pleading requirements of 21 U.S.C. § 853(n)(3) and (n)(6)(A) or (n)(6)(B) in his Petition.  As noted in the Motion to Dismiss, Petitioner does not even assert he qualifies for relief under 21 U.S.C. § 853(n)(6)(A) or (B), including failing to assert that he has a superior interest.  Also, he does not provide sufficient factual support for a claim for relief.  For example, all the dates referenced in the Petition are after the fraud that started in 2013, and therefore, the relation-back doctrine prohibits any relief based on the face of the Petition under § 853(n)(6)(A).  He also provides no assertion and no facts related to being a bona fide purchaser for value under § 853(n)(6)(B).  *See* ECF No. 54.  And, he fails to allege what is required in 21 U.S.C. § 853(n)(3), which is to set "forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  Petitioner provides inadequate details and supporting facts.  The Motion to Dismiss sets forth a more complete explanation of how Petitioner has failed to satisfy the pleading requirements of § 853(n) than this reply, and such explanation will not be reiterated here.

The assertion by Petitioner that the failure to provide appropriate supporting documents contradicts § 853(n)(5) is incorrect because Petitioner has failed to provide or reference documents or proof or facts that show (1) the time and extent of his interest, which is required under § 853(n)(3), and (2) a superior interest or bona fide purchaser for value status under § 853(n)(6).  Simply asserting an interest is not enough.  Simple assertions of interest do not get past the motion to dismiss stage and entitle one to a hearing.  This is particularly true when the only documents referenced in the Petition are dated after the fraud started and, thus, cannot show a superior interest because of the relation-back doctrine.

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 6**

Moreover, the Petitioner states that "through the discovery process [he] intended to provide the deeds and documentation necessary to establish his right to the property(ies)." ECF No. 107 at 6.  Similarly, Petitioner states that he "was expecting that he would be given time to present his arguments before this Court during the statutorily prescribed hearing." *Id.*  An intention or expectation to "provide the deeds and documentation necessary to establish his right to the property" in discovery or provide arguments during a hearing does not negate the obligation to plead sufficient information in the petition under § 853(n) in the first place.[2] Petitioner seems to believe that an assertion of some sort of interest in properties subject to forfeiture is enough in a petition to satisfy the pleading requirements and be entitled to move to discovery and a hearing.  That is not the case.  Moreover, here, the recorded documents referenced in the Petition are insufficient to establish a superior interest because the dates listed for these documents in the Petition are after the fraud occurred and, thus, there is no plausible grounds for relief.

The last point the Petitioner makes relates to a perceived difference between how division of community property and joint ownership occurs.  *See* ECF No. 107 at 6.  Here, Petitioner states in the Petition that he has a "50% undivided interest of ownership" in four properties.  ECF No. 54.  That is consistent with a community property interest.  *See*, *e.g.*, *In re Ackerman*, 424 F.2d 1148, 1150 (9th Cir. 1970) ("In Arizona as in Washington, the husband and wife each have a vested, undivided one-half interest in the community.").  Under Idaho law, all property acquired during marriage is presumed community property.  I.C. § 32-906(1); *Kawamura v. Kawamura*, 355 P.3d 630, 634 (Idaho 2015) ("The Gwen home was purchased during the course of the marriage. Thus, it was presumptively community property."); *Winn v. Winn*, 673 P.2d 411,

---

[2] See supra footnote 1.

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 7**

413 (Idaho 1983); *see also United States v. Lester*, 85 F.3d 1409, 1414 n.8 (9th Cir 1996) (explaining that state law only determines the interest and then federal forfeiture law determines what interest is forfeitable). "To rebut that presumption, a party must prove property's separate character with reasonable certainty and particularity." *In re Herter*, 456 B.R. 455, 464 (Bankr. D. Idaho 2011). Petitioner has not attempted to show that an interest is something other than a community property interest.[3]

If Petitioner means something other than a community property interest, his Petition does not explain or indicate what he claims or what "50% undivided interest of ownership" means.[4] That is the main point of the Motion to Dismiss, i.e., that the Petition is insufficient. The vague, incomplete, and unsupported statement of "50% undivided interest of ownership" proves that the Petitioner fails to state a claim for which relief can be granted. It does not satisfy the requirements of § 853(n)(3), which requires all of the following: "the petitioner . . . shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). Moreover, relief can only be granted if either 21 U.S.C. § 853(n)(6)(A) or (B) are satisfied. The statement of "50% undivided interest of ownership" does not support that the "petitioner has a

---

[3] If a deed lists a husband and wife, that supports a community property interest. *See Barton v. Barton*, 973 P.2d 746, 748 (Idaho 1999); *Kawamura*, 355 P.3d at 634.

[4] If Petitioner means some other sort of joint ownership other than community property, such as joint tenancy or tenants in common, then he has provided no explanation or information. *See* ECF No. 54. The burden to show joint tenancy rather than community property is on the one seeking such a designation and is a high burden. *See Matter of Est. of Ashe*, 753 P.2d 281, 287-88 (Idaho Ct. App. 1988), *aff'd*, 787 P.2d 252 (Idaho 1990); *In re Estate of Bogert*, 531 P.2d 1167 (Idaho 1975). Petitioner has not tried to meet such a burden by pleading any facts to support it. There are no factual assertions in the Petition attempting to rebut the community property presumption. *See* ECF No. 54.

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 8**

legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part *because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant <u>at the time of the commission of the acts which gave rise to the forfeiture</u>* of the property under this section . . . ." 21 U.S.C. § 853(n)(6)(A) (emphasis added).  The Petitioner does not explain the interest he has besides his vague statement, and he fails to provide support for the portion of § 853(n)(6)(A) emphasized above.  And, obviously, the Petition provides nothing as to the bona fide purchaser for value requirement under 21 U.S.C. § 853(n)(6)(B).  Section 853(n)(6) "protects only two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the crime."  *Hooper*, 229 F.3d at 822.  Petitioner fails to provide any information as to how a claimed interest antedated the crime that started in 2013.

In sum, in the Petition, Petitioner pleads insufficient supporting facts for why a "50% undivided interest in ownership" is something other than a presumed community property interest, and why some sort of other ownership interest exists and matters.  His Petition fails to plead enough to satisfy § 853(n)(3) and show a plausible claim under § 853(n)(6)(A) or (B).

**III.   Petitioner includes only five properties in his Petition.**

On the top of page two of the Response, Petitioner states that he has "legal interests in six of the properties the Government seeks to foreclose and for which there is a preliminary order of forfeiture."  ECF NO. 107 at 2.  However, Petitioner lists only five properties in his petition at ECF No. 54.  He has filed nothing as to the sixth property at 501 Walnut.

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 9**

**IV.     Petitioner states that ample case law supports a position but cites none, and the government seeks forfeiture, not foreclosure.**

On page four of the Response, Petitioner states that "[t]here is ample case law that suggests the Petitioner has legal rights over the properties the Government seeks to foreclose." ECF No. 107 at 4.  No case law is cited for the proposition.  Furthermore, in these forfeiture proceedings, the government seeks to forfeit properties, not foreclose them.

CONCLUSION

The Motion to Dismiss should be granted for the reasons set forth therein and herein.  If the Court denies the Motion to Dismiss, then the United States asks the Court to set a discovery deadline and a hearing date after that deadline, with time for summary judgment motions, as required by Federal Rule of Civil Procedure 32.2(c)(1).

DATED this 10th day of May 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/_____
WILLIAM M. HUMPHRIES
Assistant United States Attorneys

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 10**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2023, the foregoing **REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following in the identified manner:

| | |
|---|---|
| Greg Rauch<br>Magyar, Rauch, & Associates, PLLC<br>326 E. 6 Street<br>Moscow, ID 83843<br>rauch@mralegal.com<br>*Attorney for Norman Welch* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

*/s/ Christina Willoughby*
Christina Willoughby
FSA Paralegal

**REPLY TO THIRD PARTY'S RESPONSE TO MOTION TO DISMISS THIRD-PARTY PETITION AND CLAIM OF NORMAN WELCH (SEALED ECF NO. 54) FOR FAILURE TO STATE A CLAIM - 11**