Magyar, Rauch, & Associates, PLLC
326 E. 6th St.
Moscow, Idaho 83843
Tel:  (208) 882-1906
Fax: (208) 882-4540
eMail: rauch@mralegal.com
Gregory R. Rauch, ISB# 7389
*Attorney for Norman C. Welch*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br>  vs.<br>TRINA M. WELCH<br>              Defendant,<br>  and<br>NORMAN WELCH,<br>              Petitioner in the Ancillary Proceeding. | Case No.: 2:20-CR-00052-DCN<br><br>**THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372** |

COMES NOW, the above-named Third Party, NORMAN WELCH ("Petitioner"), by and through his attorney of record, Gregory R. Rauch, of the firm MAGYAR, RAUCH & ASSOCIATES, PLLC., and respectfully moves this Court to deny the United States of America's ("Government") *Stipulated Motion to Deposit Any Sales Proceeds Intended for Norman Welch into Shoshone County District Court Case No. CV40-19-0372* ("Government's Motion").

### RELIEF REQUESTED

For the reasons set forth below, the Petitioner respectfully requests that the Court deny the *Government's Motion* and allow the Petitioner to retain the proceeds from any sale of any

THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372

1 of 5

Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906

property in which he has an interest. Additionally, the Court should permit the Petitioner to control his one-half interest in any property where he has an interest.

While the Government is entitled to Defendant Trina Welch's one-half interest in the property to pay her restitution, the Government is not entitled to Petitioner's one-half interest in any property.

## OVERVIEW

The *Government's Motion* is asking this Court to strip Petitioner, by any means necessary, of his one-half interest in the properties listed in the CLAIM of ASSETS under FORFEITURE, filed on March 31, 2022 ("Claim"), or by honoring the Preliminary Injunction filed on February 17, 2023 ("Prelim"). This is simply wrong.

The Government submitted a *Motion to Dismiss* asking this Court **to consider** (*emphasis added*) that "[i]f the Court finds any community interest of Norman Welch in the real properties, then such interest is subject to the criminal restitution ordered in this case."[1] The Government cites its *Motion to Dismiss* and the *Prelim* as if they were orders and presses this Court to endorse their position and do so without any consideration for the Petitioner's rights.

## ARGUMENT

I. The Government's Motion misstates the restitution order as they seek to encompass Petitioner's one-half interest even though the restitution order is only imposed on Defendant Trina Welch.

Under the Federal Debt Collection Procedures Act ("FDCPA")[2], "[c]ourts look initially to state law to determine **what rights the criminal defendant has** (*emphasis added*) in the

---

[1] Dkt. 106, pg. 17, par. 1;  Dkt. 108, pg.2, par. 2
[2] 28 U.S.C.C. 3001-3308

THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372

2 of 5

Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906

property the Government seeks to reach, and then turns to federal law to determine whether the Defendant's state delineated rights qualify as property rights or rights to property within the compass of the federal tax lien legislation".[3]

In *Miller*, as here, the defendant was found guilty of wire fraud and was ordered to pay restitution. The Government gave notice of a lien informing the defendant's wife that the defendant's one-half interest was ordered to be used towards paying restitution to his victim. The wife subsequently sold the property to a third party.

The *Miller* court found that while the title was in the defendant's wife's name only, both exercised control over the property, giving each the right to their one-half interest, thus the defendant's right to a one-half interest was subject to the order of restitution[4]. The court of appeals confirmed.

Here, the restitution order shows that the Defendant's property rights have already been delineated– one-half interest in the properties listed in the Claim- and has been ordered that such interest be forfeited and used towards restitution. The restitution order did not give the Government power or control over the Petitioner's one-half interest.

Therefore, the *Government's Motion* seeking to strip the Petitioner of his one-half interest should be denied.

II. **The Government should not be allowed to disregard Petitioner's right to establish his ownership interest before a hearing in the Ancillary Proceedings is held**.

---

[3] *United States v. Miller*, 39 F.4th 844, 847 (7th Cir. 2022)
[4] *Id*. at 847

THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372

3 of 5

Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906

21 U.S.C 853(n)(3) sets the requirements the Petitioner must comply with in his Claim of Assets[5]. One of those requirements is set during a hearing[6]. During the hearing, the Petitioner will have the opportunity to present evidence to establish his interest in the properties listed in the *Claim*.

In *Miller*, after the evidentiary hearing was held, the court determined that the Government held a one-half interest in the property (the defendant's interest), and the defendant's wife the other half. The court made the finding after applying state law and looking at who exercised control over the property, instead of whom the property was titled to.

Here, the properties are subject to Idaho and Montana state laws. This presents complex issues of law when determining the Petitioner's property interests. The Petitioner's one-half interest in Idaho and Montana may have similar or adverse results, and it is under this Court's purview to make such a determination. Thus, an evidentiary hearing must be held.

Petitioner is able to and will establish at a hearing a superior interest in the properties in question. The Government argues that mere dates on a calendar make this unlikely if not impossible. To the contrary, Petitioner is able to prove just that, but without an evidentiary hearing Petitioner will be stripped of his right to do so.

## CONCLUSION

---

[5] 21 U.S.C 853(n)(3) sets the requirements the Petitioner must comply with in his Claim of Assets: sign the petition under penalty of perjury; set forth the nature and extent of the Petitioner's right, title or interest in the properties; the time and circumstances of the petitioner's acquisition of the right, title or interest of the property; and any additional facts supporting the petitioner's claim and the relief sought.

[6] See *United States v. Lester*, 85 F.3d 1409, 1411 (9th Cir. 1996).

THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372

4 of 5

Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906

With consideration of the above, the petitioner respectfully asks that the *Government's Motion* be denied, and the Ancillary Proceedings be allowed to continue by way of an evidentiary hearing to determine the Petitioner's rights.

**DATED** this 1st day of June 2023

**MAGYAR, RAUCH & ASSOCIATES, PLLC**

/S/Greg R. Rauch
Gregory R. Rauch
*Attorney for Petitioner*

CERTIFICATE OF SERVICE

I hereby certify that on this 1st Day of June 2023, I electronically filed with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney:

MAGYAR, RAUCH & ASSOCIATES, PLLC

/S/Greg R. Rauch
Gregory R. Rauch
*Attorney for Petitioner*

THIRD PARTY'S OBJECTION TO STIPULATED MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372

5 of 5

Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906