JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant, | Case No. 2:20-CR-00052-DCN<br><br>**GOVERNMENT'S REPLY TO THIRD PARTY'S OBJECTION TO MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372** |

The United States responds to the *Third Party's Objection To Stipulated Motion To Deposit Any Sales Proceeds Intended For Norman Welch Into Shoshone County District Court Case No. CV40-19-0372* filed at ECF No. 110 ("Objection") filed by Norman Welch.

In the *Stipulated Motion To Deposit Any Sale Proceeds Intended For Norman Welch Into Shoshone County District Court Case No. CV40-19-0372*, filed at ECF No. 108 ("Motion"), the Government presented the Court a state-court order in a case between the victim in this criminal case and the defendant and her spouse, Norman Welch.  The order is entitled: *Order Re: Plaintiffs' Motion To Amend The Preliminary Injunction* ("Order").  It was entered by the state-court judge in case CV40-19-0372 on February 17, 2023, in the Shoshone County, State of

GOVERNMENT'S REPLY TO THIRD PARTY'S OBJECTION TO MOTION TO DEPOSIT
ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE
COUNTY DISTRICT COURT CASE NO. CV40-19-0372 - 1

Idaho, District Court. It is filed at ECF No. 108 pages 7-10. The Motion simply seeks to have the Court take judicial notice of the Order, and to have the Court require any funds not paid toward forfeiture or restitution be directed to the Shoshone County District Court for deposit consistent with the Order.

Among other things, the Order requires as follows:

5. If the United States District Court for the State of Idaho determines that Norman Welch is to receive any funds or other proceeds as a result of any forfeiture sales resulting from, arising out of, or in connection with the Criminal Case, then Defendant Norman Welch is HEREBY ORDERED to promptly direct that any such funds are to be deposited with the Clerk of this Court pending the ultimate resolution of the litigation in this case. The Clerk of this Court shall hold such funds or other proceeds in an interest bearing account; and

6. Defendant Norman Welch is HEREBY ORDERED to promptly deposit with the Clerk of this Court for safeguarding pending the resolution of this case, any funds or other proceeds as a result of any such forfeiture sales or other proceedings in the Criminal Case. The Clerk of this Court shall hold such funds or other proceeds in an interest bearing account.

ECF No. 108 at 8-9.

In the Objection, Mr. Welch seeks to have the Court override the state-court Order by "allow[ing] the Petitioner to retain the proceeds from any sale of any property in which he has an interest." ECF No. 110. This is contrary to the Order.

In addition, the Objection reads more as a response to the Motion to Dismiss rather than a response to the Motion. The Government asks the Court not to consider such arguments as it relates to the Motion because they are irrelevant for purposes of the Motion.[1]

---

[1] The Government points out the case of *United States v. Berger*, 574 F.3d 1202 (9th Cir. 2009), for its awareness. It controls this situation as to restitution collection. The point of *Berger* and related cases is that if a defendant has an interest in property, then the government may collect that property for restitution. In a community property jurisdiction, a defendant's spouse has an interest in all the community property (not simply half). Thus, as *Berger* points out, when there is community property, the defendant has an interest in all the community property, and such interest may be collected for criminal restitution. *Id.* at 1203 ("We hold that community property is available to satisfy a restitution judgment obtained under the MVRA against a criminally liable spouse, including that portion of

GOVERNMENT'S REPLY TO THIRD PARTY'S OBJECTION TO MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372 - 2

The Motion simply seeks "that this Court enter an order directing that all proceeds to be paid to Norman Welch (if any), resulting from his Claim (ECF 54), if not paid to criminal restitution, be deposited with the Idaho District Court for the County of Shoshone, in Case No. CV40-19-0372." ECF No. 108 at 4. The Motion does not seek or ask the Court to make any property rights determinations.

DATED this 15th day of June 2023.

                                      JOSHUA D. HURWIT
                                      UNITED STATES ATTORNEY
                                      By:

                                      /s/_____
                                      WILLIAM M. HUMPHRIES
                                      Assistant United States Attorneys

---

the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2023, the foregoing **GOVERNMENT'S REPLY TO THIRD PARTY'S OBJECTION TO MOTION TO DEPOSIT ANY SALES PROCEEDS INTENDED FOR NORMAN WELCH INTO SHOSHONE COUNTY DISTRICT COURT CASE NO. CV40-19-0372** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following in the identified manner:

| | |
|---|---|
| Greg Rauch<br>Magyar, Rauch, & Associates, PLLC<br>326 E. 6 Street<br>Moscow, ID 83843<br>rauch@mralegal.com<br>*Attorney for Norman Welch* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

    */s/ Christina Willoughby*
    Christina Willoughby
    Paralegal