JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case No. 2:20-CR-00052-DCN<br><br>**MOTION FOR FINAL ORDER OF FORFEITURE** |

Plaintiff, United States of America, requests a final order of forfeiture, based on the record in this case, including and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

The Court previously entered a Preliminary Order of Forfeiture (ECF No. 52) of the Subject Property and found a sufficient nexus and statutory authority for forfeiture, as described later in this filing. The Subject Property in the Preliminary Order of Forfeiture[1] is as follows:

---

[1] The same property is described and found in the Indictment and Plea Agreement.

**MOTION FOR FINAL ORDER OF FORFEITURE - 1**

**Subject Property:**

1. Real Property located at **413 E. 9th Avenue, Post Falls, Idaho, Kootenai County, Idaho, being parcel number P1350009012A**, and more particularly described as follows:

   The West half of vacated Post Street adjoining Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Block E of Deeds at Page 244, records of Kootenai County, Idaho, and the East 30 feet of Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Book E of Deeds, Page 244, records of Kootenai County, Idaho. (Owner of Record: Trina Welch)

2. Real Property located at **519 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0050037008AA**, and more particularly described as follows:

   Lots 8 and 9, Block 37, Osburn Townsite, according to the official and recorded plat thereof, Shoshone County, State of Idaho.  Together with that portion of the vacated alley running through Block 37 vacated by resolution recorded May 10, 1940 as Instrument No. 11383. Together with that vacated portion of Walnut Avenue adjacent to Block 37, by resolution recorded September 6, 1991 as Instrument No, 348939.  (Owner of Record: Trina Welch)

3. Real Property located at **501 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number OCC00500370110A**, and more particularly described as follows:

   Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng/Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025 (Owner of Interest: Trina Welch)

4. Real Property located at **211 N. Hill Avenue, Smelterville, Idaho, Shoshone County, Idaho, being parcel number RPF01000070170**, and more particularly described as follows:

   Lot 17, Block 7 of Smelterville First Addition, according to the official and recorded plat thereof filed in the official Records of Shoshone County, State of Idaho. (Owner of Record: Trina Welch)

5. Real Property located at **1253 Garden Ave., Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC010004013AA**, and more particularly described as follows:

   E ½ of Lot 13 20-48-4 W ½ of Lot 14 Block 4 Dunkle Garden Add Osburn. (Owner of Interest: Trina Welch)

**MOTION FOR FINAL ORDER OF FORFEITURE - 2**

6. Real Property located in **St. Regis, Mineral County, Montana, Parcel No. 181400 (Lot 8) in Rivers Acreage**, a platted subdivision in Mineral County, St. Regis, Montana, and more particularly described as follows:

Lot 8 of Two Rivers Acreage, a platted subdivision in Mineral County, Montana, according to the official recorded plat thereof.  (Owner of Interest: Trina Welch)

**Nexus and Factual Basis for Forfeiture**

Based upon the Plea Agreement, filed January 14, 2022, the Defendant pleaded guilty to Count Six, a violation of 18 U.S.C. § 1343, and admitted that she knowingly participated in and devised a scheme or plan to defraud, and obtain money from, her employer by means of false or fraudulent pretenses, representations, or promises and that the Subject Property is, and derived from, fraud proceeds traceable to that scheme.  (Plea Agreement, ECF No. 45.)  As noted, the Court entered a Preliminary Order of Forfeiture against the Subject Property on March 2, 2022, at ECF No. 52.

The Court sentenced the Defendant and entered Judgment. (Amended Judgment, ECF No. 93.)

**Statutory Authority**

As articulated in the Preliminary Order of Forfeiture, the Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

**Notice / Publication / Claims**

The United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A).  This included publication on an official government internet site

**MOTION FOR FINAL ORDER OF FORFEITURE - 3**

(www.forfeiture.gov), beginning on March 8, 2022. The United States filed notice of service by publication. (ECF No. 58.) *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

If any person reasonably appeared to be a potential claimant, the United States caused notice to be sent directly to that person. *See* Criminal Rule 32.2(b)(6)(A) and Supplemental Rule G(4)(b).

### Claims and Resolution of Those Claims

The Preliminary Order of Forfeiture extinguished any interest of the defendant Trina Welch in the Subject Property. In the forfeiture ancillary proceedings, the proceedings that address potential third-party interests in the Subject Property, various persons filed claims to real property parcels listed within the Subject Property. The claims and the resolution of those claims are described in the Court's Memorandum Decision and Order filed at ECF No. 113. A brief summary is included below.

Jenna and Nick Arthun filed separate claims claiming an interest in 501 E Walnut. ECF Nos. 56 and 59. These two claims were resolved through the *Stipulation for Settlement of Third-Party Claims to Real Property Subject to Forfeiture and for Final Order of Forfeiture Regarding Specific Property, 501 E Walnut*, filed at ECF No. 99. The Court granted the stipulation and entered the *Final Order of Forfeiture Regarding Specific Property, 501 E Walnut, and Recognizing Third-Party Interest*, which is filed at ECF No. 100. Therefore, the claims and forfeiture of the 501 E. Walnut property have already been ordered final and resolved.

Spokane Teachers Credit Union (STCU) filed a claim to the 519 E. Walnut property at ECF No. 53. To resolve the claim, the United States and STCU entered into and filed the *Stipulated Motion for Interlocutory Sale of Real Property at 519 E Walnut During the Ancillary*

**MOTION FOR FINAL ORDER OF FORFEITURE - 4**

*Proceeding and Resolution of STCU's Claim* at ECF No. 104.  The Court granted the stipulation in the Order at ECF No. 105;  Thus, STCU's claim is resolved, and the U.S. Marshals Service has seized the property and commence the sale process.

Derrick Arthun filed a claim to 211 N. Hill Ave at ECF No. 60.  Norman Welch filed a claim asserting an interest and claim in all the Subject Property except for the 501 E. Walnut property.  ECF No. 54.  The United States moved to dismiss both Derrick Arthun's claim and Norman Welch's claims.  ECF No. 101 and 106.  On July 24, 2023, the Court issued its Memorandum Decision and Order where the Court granted the United States' motions to dismiss and dismissed the claims of Derrick Arthun and Norman Welch with prejudice.  ECF No. 113.

Therefore, all claims to the Subject Property have been addressed and a final order of forfeiture applicable to the Subject Property not yet finally forfeited (i.e., all but the 501 E. Walnut property) is appropriate and should be entered.  A final order of forfeiture for the 501 E. Walnut property has already been entered.

### Requested Order

Based on the above, and the record in this case, the United States moves the Court for a Final Order of Forfeiture that orders as follows:

1. The Subject Property, if not already subject to a final order of forfeiture such as the 501 E. Walnut property, is hereby ordered finally forfeited.  Therefore, the Court orders the rights and/or interests of any third parties whose claims were denied by the Court or who failed to file a claim related to the Subject Property terminated, including the possessory claims of any occupants of the Subject Property. (See Rule 32.2, 2000 Committee Notes.)

**MOTION FOR FINAL ORDER OF FORFEITURE - 5**

2. The Court directs the United States Attorney General (or a designee, including the U.S. Marshals Service) to seize the Subject Property, if not already seized.

3. All right, title, and interest to the Subject Property is hereby condemned, forfeited, and vested in the United States, understanding and recognizing that the claims of Nick and Jenna Arthun and STCU have been resolved and they shall be paid as previously ordered by the Court. No other claim of interest in the Subject Property shall exist in any other person or entity besides the United States.

4. The Subject Property shall be disposed of according to law.

5. All claimants and other persons shall cooperate fully with United States Attorney General (or a designee, including the U.S. Marshals Service) regarding the seizure, maintenance, liquidation (such as listing, marketing, and sale) of the Subject Property.

6. If the parcels listed under the Subject Property are vacant, the United States may take immediate and complete possession and control.

7. If a parcel listed under the Subject Property is not vacant, the U.S. Marshals Service shall attempt to serve the occupants with, and shall post a copy of, this Order at the Subject Property. The occupying person(s) shall have 21 days from the date of the service or posting of this order to vacate. Thereafter, the U.S. Marshals Service may enlist the aid of state and local law enforcement and contractors as they deem necessary to remove the occupants and their belongings from each Subject Property. Any personal property left at the Subject Property after the expiration of the 21 days' notice shall be treated as abandoned and may be disposed of accordingly. No person, occupying or not, shall cause any damage to the Subject Property.

**MOTION FOR FINAL ORDER OF FORFEITURE - 6**

8. Whether vacant or not, the United States is authorized to make immediate inspection of the entire property, exterior and interior, and to take any reasonable steps to preserve the value of the property.

9. This Order shall constitute a certificate of reasonable cause according to 28 U.S.C. § 2465 and establish a finding that the United States had reasonable cause for the commencement of this action, and for the seizure and forfeiture of the Subject Property.

10. All parties herein shall bear their own costs and fees.

A proposed order is being submitted to the Court via email.

Respectfully submitted this 8th day of August, 2023.

>JOSHUA D. HURWIT
>UNITED STATES ATTORNEY
>By:
>
>*/s/ William M. Humphries*
>WILLIAM M. HUMPHRIES
>Assistant United States Attorney

**MOTION FOR FINAL ORDER OF FORFEITURE - 7**