Magyar, Rauch, & Associates, PLLC
326 E. 6th St.
Moscow, Idaho 83843
Tel:  (208) 882-1906
Fax: (208) 882-4540
eMail: rauch@mralegal.com
Gregory R. Rauch, ISB# 7389
*Attorney for Norman C. Welch*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>   vs.<br>TRINA M. WELCH<br>                    Defendant,<br>   and<br>NORMAN WELCH,<br>          Petitioner in the Ancillary Proceeding. | Case No.: 2:20-CR-00052-DCN<br><br>**THIRD PARTY'S MOTION TO RECONSIDER** |

COMES NOW, the above-named Third Party, NORMAN WELCH ("Petitioner"), by and through his attorney of record, Gregory R. Rauch, of the firm MAGYAR, RAUCH & ASSOCIATES, PLLC., and respectfully moves this Court to reconsider its prior order dismissing Petitioner's third-party claim.

It is well understood that the Court is intimately familiar with the facts and procedural background in this matter and as such, no additional effort will be spent on same here.

## I.   THE PROPERTIES

### i.   413 E. 9th Ave., Post Falls, Idaho; and 1253 Garden Ave., Osburn, Idaho

The Petitioner acknowledges the Court's Memorandum and Order as it relates to the properties located at 413 E. 9th Ave., Post Falls, Idaho, and 1253 Garden Ave., Osburn, Idaho and waives any further claim of interest.

### ii.   519 E. Walnut Ave., Osburn, Idaho.

The Court, based on the reading of its July 24, 2023, Memorandum and Order, assumes facts not on the record. The Court presumes that criminal defendant Trina Welch purchased the property located at 519 E. Walnut Ave., in Osborne Idaho with funds that came from her criminal actions.  The Court further presumes the Petitioner exercised none of the usual privileges of ownership.

The reality of the matter is quite the opposite.  The property located at 519 E. Walnut Ave., in Osburn, Idaho was initially purchased with monies lawfully borrowed by Trina and Norman Welch for which a standard note and deed of trust was prepared.  Further, as the Court is aware, Trina and Norman Welch borrowed funds from multiple banks, including Spokane Teacher's Credit Union, during their period of residency at 519 E. Walnut Ave., in Osburn, Idaho.

The Court is however correct that Norman did not provide or plead these facts in his third-party claim.  As a result, an amendment, if allowed, would provide evidence that Norman has an interest in this property not subject to forfeiture.

THIRD PARTY'S MOTION TO RECONSIDER       2 of 5        Magyar, Rauch & Associates, PLLC
326 E. 6th St., Moscow, ID 83843
(208)882-1906

### iii.   Parcel No. 181400 (Lot 8) in Rivers Acreage, St. Regis, Montana

Again, the Court presumes facts not in the record for the Montana property just as it apparently did for the property discussed above.

Norman and Trina Welch purchased this property along with a third party, with the proceeds of a lawfully borrowed loan for which a standard note and deed of trust was prepared. Norman and Trina built the home currently located on said parcel partially with funds derived from the sale of a home that predates Trina's employment with the victim of her crimes. Additional funds were contributed to the construction through Norman's wages.

Again, the Court is correct that Norman did not provide or plead these facts in his third-party claim. As a result, an amendment, if allowed, would provide evidence that Norman has an interest in this property not subject to forfeiture.

## II.   DISCUSSION

The Court, as stated in its Memorandum and Oder, that it assumes all facts contained within Norman's Petition were true and as such satisfied the requirements of § 853 (n)(3). The Court then stated, albeit incorrectly, that the properties were purchased with proceeds of a crime and that Norman failed to provide evidence that he exercised the usual privileges of ownership.

The Court then held that no amount of discovery or amendment could change theses "facts", and concluded dismissal of the claim was appropriate. Norman respectfully disagrees.

First, the Court is fully aware, as shown from its discussion in its Memorandum and Order, that Norman did exercise the privilege of ownership by obtaining a mortgage on the property at 519 Walnut in Osborn Idaho. Further, discovery and an amendment, if allowed would provide evidence to the Court that the properties discussed above were purchased, not with the proceeds of a crime, but with lawfully borrowed funds and that Norman has an interest in the properties not subject to forfeiture.

Further, while Trina Welch has been held liable based on fraud in a civil matter as well as a criminal matter, and her assets subject to same, along with those of her marital community, Norman has not. In a bankruptcy filing, a spouse, i.e. Norman, is no longer responsible for the debts, judgements, orders of restitution, or forfeiture that apply to another, i.e., Trina. The filer is entitled to the protections provided under the bankruptcy code and to the exemptions therein.

### III.   CONCLUSION

For the reasons discussed herein, Norman Welch respectfully requests the Court reconsider its order of dismissal as to his claims, permit and amendment to his petition, and allow discovery in the matter.

**DATED** this 21st day of August 2023

               **MAGYAR, RAUCH & ASSOCIATES, PLLC**

               <u>/S/Greg R. Rauch</u>
               Gregory R. Rauch
               *Attorney for Petitioner*

CERTIFICATE OF SERVICE

I hereby certify that on this 21st Day of August 2023, I electronically filed with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney:

MAGYAR, RAUCH & ASSOCIATES, PLLC

/S/Greg R. Rauch
Gregory R. Rauch
*Attorney for Petitioner*