UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>           Defendant. | Case No. 2:20-cr-00052-DCN<br><br>**FINAL ORDER OF FORFEITURE** |

This matter comes before the Court on the United States' Motion for Final Order of Forfeiture. Dkt. 114.

The Court entered a Preliminary Order of Forfeiture Dkt. 52 of the Subject Property and found a sufficient nexus and statutory authority, as described below. The Court incorporates its findings from the Preliminary Order of Forfeiture into this Final Order of Forfeiture.

    **Subject Property:**

A. <u>Real property identified in the Indictment and Plea Agreement</u>:

1. Real Property located at **413 E. 9th Avenue, Post Falls, Idaho, Kootenai County, Idaho, being parcel number P1350009012A**, and more particularly described as follows:

   The West half of vacated Post Street adjoining Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Block E of Deeds at Page 244, records of Kootenai County, Idaho, and the East 30 feet of Lot 12, Block 9, Drumhellars Addition to Post Falls, according to the plat recorded in Book E of Deeds, Page 244, records of Kootenai County, Idaho. (Owner of Record: Trina Welch)

FINAL ORDER OF FORFEITURE - 1

2. Real Property located at **519 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC0050037008AA**, and more particularly described as follows:

   Lots 8 and 9, Block 37, Osburn Townsite, according to the official and recorded plat thereof, Shoshone County, State of Idaho.  Together with that portion of the vacated alley running through Block 37 vacated by resolution recorded May 10, 1940 as Instrument No. 11383. Together with that vacated portion of Walnut Avenue adjacent to Block 37, by resolution recorded September 6, 1991 as Instrument No, 348939.  (Owner of Record: Trina Welch)

3. Real Property located at **501 E. Walnut Avenue, Osburn, Idaho, Shoshone County, Idaho, being parcel number OCC00500370110A**, and more particularly described as follows:

    Lot number: 11; Subdivision: Osburn; Block: 37; Sec/Twn/Rng/Mer: Sec 18 Twn 48 Rng 04; Tract: 9604002025 (Owner of Interest: Trina Welch)

4. Real Property located at **211 N. Hill Avenue, Smelterville, Idaho, Shoshone County, Idaho, being parcel number RPF01000070170**, and more particularly described as follows:

   Lot 17, Block 7 of Smelterville First Addition, according to the official and recorded plat thereof filed in the official Records of Shoshone County, State of Idaho. (Owner of Record: Trina Welch)

5. Real Property located at **1253 Garden Ave., Osburn, Idaho, Shoshone County, Idaho, being parcel number RPC010004013AA**, and more particularly described as follows:

   E ½ of Lot 13 20-48-4 W ½ of Lot 14 Block 4 Dunkle Garden Add Osburn. (Owner of Interest: Trina Welch)

6. Real Property located in **St. Regis, Mineral County, Montana, Parcel No. 181400 (Lot 8) in Rivers Acreage**, a platted subdivision in Mineral County, St. Regis, Montana, and more particularly described as follows:

   Lot 8 of Two Rivers Acreage, a platted subdivision in Mineral County, Montana, according to the official recorded plat thereof.  (Owner of Interest: Trina Welch)

FINAL ORDER OF FORFEITURE - 2

### Nexus and Factual Basis for Forfeiture

Based upon the Plea Agreement, filed January 14, 2022, the Defendant pleaded guilty to Count Six, a violation of 18 U.S.C. § 1343, and admitted that she knowingly participated in and devised a scheme or plan to defraud, and obtain money from, her employer by means of false or fraudulent pretenses, representations, or promises and that the Subject Property is, and derived from, fraud proceeds traceable to that scheme.  (Plea Agreement, Dkt. 45.)  As noted, the Court entered a Preliminary Order of Forfeiture against the Subject Property on March 2, 2022, at Dkt. 52.

The Court sentenced the Defendant and entered Judgment. (Amended Judgment, Dkt. 93.)

### Statutory Authority

As articulated in the Preliminary Order of Forfeiture, the Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

### The Court's Additional Findings

The Court FINDS that the record and pleadings reflect the following.

The United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A).  This included publication on an official government internet site (www.forfeiture.gov).  *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the

Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

Claims were filed, but all claims have been resolved or dismissed as described in the Court's Memorandum Decision and Order filed at Dkt. 113 and as summarized below:

- The Preliminary Order of Forfeiture extinguished any interest of the defendant Trina Welch in the Subject Property.

- Jenna and Nick Arthun filed separate claims claiming an interest in 501 E Walnut. Dkts. 56 and 59. These two claims were resolved by stipulation approved by this Court at Dkt. 99.

- Spokane Teachers Credit Union (STCU) filed a claim to the 519 E. Walnut property at Dkt. 53, which was resolved by stipulation approved by this Court at Dkt. 105.

- The claims of Derrick Arthun as to 211 N. Hill Ave (Dkt. 60) and Norman Welch as to all the Subject Property except for the 501 E. Walnut property (Dkt. 54) were dismissed by this Court with prejudice at Dkt. 113.

- No other claims were filed and the time to do so has expired.

### **The Court's Orders**

The Court therefore ORDERS the following.

1. The Subject Property, if not already subject to a final order of forfeiture such as the 501 E. Walnut property, is hereby ordered finally forfeited. Therefore, the Court orders the rights and/or interests of any third parties whose claims were denied by the Court or who failed to file a claim related to the Subject Property terminated, including the possessory claims of any occupants of the Subject

FINAL ORDER OF FORFEITURE - 4

Property. (See Rule 32.2, 2000 Committee Notes.)

2. The Court directs the United States Attorney General (or a designee, including the U.S. Marshals Service) to seize the Subject Property, if not already seized.

3. All right, title, and interest to the Subject Property is hereby condemned, forfeited, and vested in the United States, understanding and recognizing that the claims of Nick and Jenna Arthun and STCU have been resolved and they shall be paid as previously ordered by the Court.  No other claim of interest in the Subject Property shall exist in any other person or entity besides the United States.

4. The Subject Property shall be disposed of according to law.

5. All claimants and other persons shall cooperate fully with United States Attorney General (or a designee, including the U.S. Marshals Service) regarding the seizure, maintenance, liquidation (such as listing, marketing, and sale) of the Subject Property.

6. If the parcels listed under the Subject Property are vacant, the United States may take immediate and complete possession and control.

7. If a parcel listed under the Subject Property is not vacant, the U.S. Marshals Service shall attempt to serve the occupants with, and shall post a copy of, this Order at the Subject Property.  The occupying person(s) shall have 21 days from the date of the service or posting of this order to vacate.  Thereafter, the U.S. Marshals Service may enlist the aid of state and local law enforcement and contractors as they deem necessary to remove the occupants and their belongings

from each Subject Property. Any personal property left at the Subject Property after the expiration of the 21 days' notice shall be treated as abandoned and may be disposed of accordingly. No person, occupying or not, shall cause any damage to the Subject Property.

8. Whether vacant or not, the United States is authorized to make immediate inspection of the entire property, exterior and interior, and to take any reasonable steps to preserve the value of the property.

9. This Order shall constitute a certificate of reasonable cause according to 28 U.S.C. § 2465 and establish a finding that the United States had reasonable cause for the commencement of this action, and for the seizure and forfeiture of the Subject Property.

10. All parties herein shall bear their own costs and fees.

IT IS SO ORDERED.

DATED: August 22, 2023

_____
David C. Nye
Chief U.S. District Court Judge