JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>    Defendant,<br><br>and<br><br>NORMAN WELCH,<br><br>    Petitioner in the Ancillary<br>    Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER** |

The United States responds to the *Third Party's Motion to Reconsider* filed at ECF No. 115 on August 21, 2023, ("Motion to Reconsider") by Norman Welch. The United States already filed the *Motion to Dismiss Third-Party Petition and Claim of Norman Welch (Sealed ECF No. 54) for Failure to State a Claim*, ECF No. 106, and the *Reply To Third Party's Response to Motion to Dismiss Third-Party Petition and Claim of Norman Welch (Sealed ECF No. 54) for Failure to State a Claim*, ECF No. 109. The Court granted the United States' motion to dismiss in its Memorandum Decision and Order filed on July 24, 2023. ECF NO. 113. The

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 1**

Court issued a Final Order of Forfeiture on August 22, 2023. ECF No. 116. Mr. Welch did not object to the motion for final order of forfeiture.

The real property at 501 E. Walnut Ave., Osburn, Idaho, is subject to a final order of forfeiture as recognized by the Court at ECF No. 100. Thus, the Court's most recent Final Order of Forfeiture filed at ECF No. 116 relates to the remaining five real properties being forfeited. With the Court's two Final Orders of Forfeiture (i.e., ECF Nos. 100 and 116), the United States may continue the forfeiture process as to all the real properties.

Notwithstanding, Mr. Welch seeks reconsideration related to two of the remaining real properties being forfeited. Those two properties are the 419 E. Walnut Ave., Osburn, Idaho, property and the Lot 8 at Rivers Acreage, St. Regis, Montana, property (parcel number 181400). He does not seek reconsideration for any other real property.

Mr. Welch's Motion to Reconsider should be denied.

"Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may, within thirty days of the final publication of notice or his receipt of notice, . . . whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). "The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and *the relief sought*." 21 U.S.C. § 853(n)(3) (emphasis added). To obtain relief, third parties claiming an interest in the forfeited property must show and allege either a superior interest or status as a bona fide purchaser as set out in 21 U.S.C. § 853(n)(6). *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000).

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 2**

"Courts strictly construe Section 853's statutory requirements to discourage false or frivolous claims . . . ." *United States v. Zelaya Rojas*, 364 F. Supp. 3d 626, 630 (E.D. La. 2019) (citing *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D. La. 2010) and *United States v. Lamid*, 663 Fed. Appx. 319, 323 (5th Cir. 2016) (unpublished decision)). Therefore, most courts dismiss third-party petitions when they do not comply with 853(n). *E.g.*, *Rojas*, 364 F. Supp. 3d 626; *Quintana v. United States*, No. 419CV00695ALMCAN, 2020 WL 1933650, at *5 (E.D. Tex. Mar. 17, 2020), *report and recommendation adopted*, No. 4:19-CV-695, 2020 WL 1929434 (E.D. Tex. Apr. 21, 2020); *United States v. Fabian*, No. 1:11–cr–157, 2013 WL 150361, *7 (W.D. Mich. Jan. 14, 2013); *United States v. Koeln*, No. 4:19-CR-1016 RLW, 2022 WL 93387, at *6 (E.D. Mo. Jan. 10, 2022); *United States v. Recendez*, No. 2:20-CR-00227-RJS, 2023 WL 4868569, at *3 (D. Utah July 31, 2023); *see United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) (third party petition contesting a criminal forfeiture must be filed within the 30-day period set forth in § 853(n)(2), and must state the grounds on which the third party is asserting an interest in the property; once the 30 days expires, claimant may not amend the petition that was based on § 853(n)(6)(B) to include grounds for recovery under § 853(n)(6)(A)).

"However, some courts have given leniency to the otherwise strict pleading and procedural requirements when a *pro se* litigant is involved." *United States v. Sims*, No. 218CR00353LSCJEO, 2020 WL 3415576, at *2 (N.D. Ala. June 22, 2020) (citing *United States v. Conn*, No. 5:17-043-DCR, 2018 WL 2392511 (E.D. Ky. May 25, 2018); *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted, United States v. Jewelry*, No. 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015)). And, at least one court has allowed amendments even though the third-

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 3**

party was represented by counsel. *United States v. Glenn*, No. CR-10-084-RAW, 2012 WL 3775965, at *2 (E.D. Okla. Aug. 28, 2012).

Importantly, one of the overriding principles in the case law is that leave to amend a forfeiture ancillary proceeding claim might be allowed if it simply remediates deficiencies in an already alleged and asserted ground for recovery. However, amendments that add grounds for recovery are generally not allowed.[1]

---

[1] *See, e.g., United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) ("[T]o the extent that . . . claims to the properties rest on her contention that she held interests in those properties that were superior to the interests of Arne Soreide at the time of the acts giving rise to forfeiture, those claims are belated."); *United States v. Lamid*, 663 Fed. Appx. 319 (5th Cir. 2016) (affirming district court's denial of claimant's request to amend a claim to correct a defect under § 853(n)(3); the 30-day deadline is mandatory, and the amended claim would have been filed outside of the 30-day period); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1116-17 (E.D. Wis. 2012) (following *Soreide*; claimant could not file supplemental pleading after the 30-day deadline expired adding new grounds for recovery); *United States v. Hoffman*, 2012 WL 5351797, *3 (D. Minn. Oct. 30, 2012) (claimant must state all of the legal bases for his claim in the 30-day period set forth in Section 853(n); he may not recover on a legal basis raised for the first time in response to a motion to dismiss his claim); *United States v. Davis*, 2022 WL 313437, *6 n.42 (N.D. Tex. Feb. 2, 2022) (once the 30-day period for filing a claim expires, third parties "may not amend their claims to include new grounds for relief"; following *Soreide*, *Klemme*, and *Hoffman*); *United States v. Chicago*, 2017 WL 1024276 (S.D. Ala. Mar. 16, 2017) (denying motion to amend claim to correct deficiencies once 30-day claim period expired; following *Soreide* and *Klemme*); *United States v. Caro*, 2010 WL 680939, *5 (S.D. Fla. Feb. 23, 2010) (same, following *Soreide*); *United States v. Strube*, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (to the extent that claimant amended her claim to add a constructive trust theory after the 30-day period for filing a claim had expired, it was untimely, and the court was free to ignore the additional ground for relief); *United States v. Tarraf*, 725 F. Supp. 2d 625, 632-34 (E.D. Mich. 2010) (following Strube; rejecting constructive trust theory inter alia because claimants did not raise it in their claim as required by § 853(n)(3)). *But see United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) (without referring to the pleading requirements or what claimant asserted in its claim, court holds that third party may raise a BFP argument under § 853(n)(6)(B) for the first time at oral argument, even though it did not raise it in its pre-trial brief); *United States v. Swartz Family Trust*, 67 F.4th 505 (2nd Cir. 2023) (in general, all grounds for contesting the forfeiture must be asserted in the initial 30-day window, but district court erred in assuming that there were no exceptions; remanding to consider whether under the particular circumstances, claimant should be given leave to amend his claim to add a claim under § 853(n)(6)(B)).

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 4**

Here, Mr. Welch seeks to amend his petition/claim to add grounds for recovery. Mr. Welch seeks to amend because the Court presumed that Trina Welch purchased the 519 E. Walnut property and the Montana property with criminal proceeds and "an amendment, if allowed, would provide evidence that Norman has an interest in this property not subject to forfeiture." ECF No. 115 at 2. In his Motion to Reconsider he asserts that the two properties were initially purchased with funds not associated with the crime. ECF No. 115 at 2-4.

The United States agrees that the Court presumed, likely from the factual basis in the plea agreement and because Mr. Welch asserts in his claim interests arising after the fraud commenced, that the 519 E. Walnut and Montana properties were purchased wholly with criminal proceeds. While the United States believes that funds not traceable to the offense of conviction were used to initially purchase the 519 E. Walnut property,[2] the United States disagrees with Mr. Welch that any significant amount of non-traceable funds were used to purchase the Montana property. Regardless, these are factual issues not to be addressed at the motion to dismiss stage. And, Mr. Welch should not be allowed to amend his petition/claim because he never raised appropriate grounds for recovery in the first instance. Any amendment would not be to cure a deficiency in Mr. Welch's already-asserted grounds for relief. It would, instead, be to assert a ground for recovery that was not already asserted. That is not allowed, especially from a represented party.

Here, leniency to amend based on *pro se* status is not appropriate. Mr. Welch has been represented by an attorney.

---

[2] The United States has traced a large amount of criminal proceeds used to upgrade the 519 E Walnut property.

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 5**

In addition, leniency to amend is not appropriate because courts generally do not allow amendments to add grounds for relief because of the strict requirements in § 853(n), including the time limit in § 853(n)(2).  Here, Mr. Welch's petition/claim does not state or assert either of the two available grounds for relief under 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).  Both 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B) obviously require that a petitioner establish that he or she has an interest in the property because that is a bare-minimum requirement for standing from 21 U.S.C. § 853(n)(3).  Thus, the actual ground for relief that a petition must assert within the 30-day deadline is that the petitioner has an interest in the property and

> such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was *vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture* of the property . . . , [or]
>
> the *petitioner is a bona fide purchaser for value* of the right, title, or interest in the property *and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture* . . . ."

21 U.S.C. § 853(n)(6)(A) and (n)(6)(B) (emphasis added).  Mr. Welch's petition/claim does not assert grounds for recovery under 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).

Here, looking at the face of his claim, Mr. Welch admits that he did not provide or plead facts in his claim.  ECF No. 115.  And, the facts that he did cite, which are references to recorded documents that allegedly prove his interest, are all documents dated considerably after the fraud started in 2013.  ECF No. 54.  As the Court stated in its Memorandum Decision and Order, "Norman provided no facts alleging that he used any of his own funds to purchase the property, *made no claims that he is a bona fide purchaser for value*, and *has not expressed any prior interest or superior legal title in the property*."  ECF No. 113 at 19 (emphasis added).  In other words, he did not assert grounds for recovery under 21 U.S.C. § 853(n)(6)(A) or (n)(6)(B).

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 6**

Therefore, no amendment to add a ground for recovery under either § 853(n)(6)(A) or (n)(6)(B) should be allowed. Otherwise, the 30-day deadline is not a deadline.

DATED this 1st day of September 2023.

                        JOSHUA D. HURWIT
                        UNITED STATES ATTORNEY
                        By:

                        /s/_____
                        WILLIAM M. HUMPHRIES
                        Assistant United States Attorneys

**RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2023, the foregoing **RESPONSE TO THIRD PARTY'S MOTION TO RECONSIDER** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following in the identified manner:

| | |
|---|---|
| Greg Rauch<br>Magyar, Rauch, & Associates, PLLC<br>326 E. 6 Street<br>Moscow, ID 83843<br>rauch@mralegal.com<br>*Attorney for Norman Welch* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

                                         */s/ Christina Willoughby*
                                         Christina Willoughby
                                         FSA Paralegal