Magyar, Rauch, & Associates, PLLC
326 E. 6th St.
Moscow, Idaho 83843
Tel: (208) 882-1906
Fax: (208) 882-4540
eMail: rauch@mralegal.com
Gregory R. Rauch, ISB# 7389
*Attorney for Norman C. Welch*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff,<br>vs.<br>TRINA M. WELCH<br>               Defendant,<br>and<br>NORMAN WELCH,<br>               Petitioner in the Ancillary Proceeding. | Case No.: 2:20-CR-00052-DCN<br><br>**THIRD PARTY'S REPLY TO GOVERNEMNT'S RESPONSE TO MOTION TO RECOSIDER** |

      COMES NOW, the above-named Third Party, NORMAN WELCH ("Petitioner"), by and through his attorney of record, Gregory R. Rauch, of the firm MAGYAR, RAUCH & ASSOCIATES, PLLC., and respectfully replies to the Government's response to his motion.

      This Court found in its order and memorandum that Mr. Welch's third-party claim was complaint and contained no deficiencies. The Government seems to hold a different opinion and has chosen to ignore this Court's holding.

      Further, the Government in its response uses double speak and appears to be talk out of both sides of its mouth. In the same paragraph the government tells us that the properties were

purchased with stolen money, and then immediately states that at least one of the properties at issue was not purchased with stolen money.

> The United States agrees that … from the factual basis in the plea agreement and because Mr. Welch asserts in his claim interests arising after the fraud commenced, that the 519 E. Walnut and Montana properties were purchased wholly with criminal proceeds. While the United States believes that ***funds not traceable to the offense of conviction were used to initially purchase the 519 E. Walnut property***, …" (emphasis added).

The government goes on to state that it disagrees "that any significant amount of non-traceable funds were used to purchase the Montana property." Theories are fine, but the government must have proof, not just beliefs and feelings before they can take someone's property away. Saying it does not make it so, it must be shown by a preponderance of the evidence.  *United States v. Wright, 49 F.4th 1221 (9th Cir. 2022)*

Here, the government has actually offered evidence that the Walnut Street property was NOT purchased with stolen money. Likewise they whimsically opine on the source of funds for the purchase of the Montana property. The preponderance of the evidence does not lean in the government's favor.

If the properties in question were not purchased with funds traceable to the offence of conviction, they are not subject to forfeiture.

The Court should grant Mr. Welch's motion, reconsider and reverse its earlier finding and order an evidentiary hearing. Anything less would be a travesty of justice.

Attached to this reply as exhibit "1" is the third-party claimant Norman Welch's supplement to the motion for reconsideration.

**DATED** this 28th Day of September 2023

**MAGYAR, RAUCH & ASSOCIATES, PLLC**

/S/Greg R. Rauch
Gregory R. Rauch
*Attorney for Petitioner*

CERTIFICATE OF SERVICE

I hereby certify that on this 28th Day of September 2023, I electronically filed with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorney:

MAGYAR, RAUCH & ASSOCIATES, PLLC

<u>/S/Greg R. Rauch</u>
Gregory R. Rauch
*Attorney for Petitioner*

# Exhibit 1

NORMAN WELCH

PO BOX

SAINT REGIS, MONTANA

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:20-CR-00052-DCN |
|     Plaintiff, | MOTION FOR RECONSIDERATION AND |
| | ANCILLARY HEARING |
| vs. | |
| TRINA MARIE WELCH | |
|     Defendant. | |

    COME NOW, NORMAN WELCH, to ask the court to Reconsider the courts ruling on dismissing my rights and interests in my third party claims, as I was never allowed to be heard and express my innocence and interest and rights to this court. I have cooperated in all aspects of the Civil Case that Keith has forced me to be involved in and I have recently signed to dismiss the civil case. Keith Sims and his attorney tried to rule a Writ of Garnishment and a Joinder, which have both been denied. I now just received phone calls that Marshals are showing up at properties and giving anyone occupied 21 days eviction notices. This process has been done with the respect to the court, but my innocence has been stripped of me and my legitimate money, interest, and rights have been disregarded.

    On 3/2/2022- The Court entered a Preliminary Order Of Forfeiture against the subjects property. On July 24, 2023, the court issued it's memorandum decision and order where the court granted the United States motions to dismiss and dismissed the claims of Derrick Arthun and Norman Welch. On what grounds did the Government dismiss the interest and rights when the Court has not physically given third party to have their time in court. I did not get a chance to submit Grounds for Relief and my arguments for my interest and rights to my properties. I am a party in this case that deserves relief from a final judgement, order for the following reasons: (1) I have never been contacted by anyone to discuss listing, marketing, and the sale. (2) Norman Welch believes the court did not have findings that the United States did not have reasonable cause for the commencement of this action as the Government states under 28 U.S.C., Statute 2465 (3) Norman confused by the forfeiture statutes as the government does not specify which particular forfeiture statutes the government invoked to support a particular forfeiture and the amount of money that was traced as not legitimate income to purchase properties. (4.) There should be a specified amount of any forfeiture money judgement sought against any forfeiture defendant, and third parties with a reasonable detailed explanation of the factual basis for the government's determination of the amount sought. (5.) If the court finds that property is forfeitable, it must enter a preliminary order of forfeiture, and recognize that any determination of a third person's interest in the property is deferred until an ancillary proceeding can be held. The order of forfeiture will become final as to the defendant at the time of sentencing but will be subject to amendment in favor of a third-party pending the conclusion of the ancillary proceeding. (6.) Evidence regarding forfeiture the government must establish the forfeitability of the property by a preponderance of the evidence.

Statutory Authority: The Government states 18 U.S.C., statute 981 (a)(1)(c) and 28 U.S.C., statute 2461(c), violation of 18 U.S.C, Statute 1343, the court shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.  I was never given the opportunity to present my defense and legitimate proceeds to this accusation, as Norman Welch has never directly or indirectly has any of his traceable funds to anything illegal, and have never seen any kind of evidence against properties that proves otherwise. Norman Welch is claiming his interest and rights to the properties, and the United States shall not be liable for costs and attorney fees associated with any such claim if the United States, (i)- promptly recognizes such claim; (ii)- promptly returns the interest of the claimant in the property to the claimant, if the property can be divided without difficulty and there are no competing claims to the portion of the property;  (iii)- does not cause the claimant to incur additional, reasonable costs or fees; (iv)- prevails in obtaining forfeiture with respect to one or more of the other claims. If the court enters judgement in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly.  The notion that the "extent" of the defendant's interest must be established as part of the criminal trial is related to the fact that criminal forfeiture is an in person action in which only the defendant's in the property may be forfeited. United States v. Riley, 78 F. 3d 367 (8th Cir. 1996) Subdivision (c). sets forth a set of rules governing the conduct of the ancillary proceeding. When the ancillary hearing provisions were added to 18 U.S.C., Statute 1963 and 21 U.S.C., Statute 853 in 1984, congress apparently assumed that the proceeding under the new provisions would involve simple questions of ownership that could, in ordinary cases, be resolved in 30 days. RULE 60(b) of the Federal Rules, can reopen the ancillary proceeding, and is the proper means by which a third party may move to reopen an ancillary proceeding. If third parties assert that they have an interest in all or part of the property, those interests can be adjudicated at one time in the ancillary proceeding. Property in more than one state- In order for court to proceed under predecessor statute to 28 USCS, Statute 1655, it is essential that property involved be in fact and in substance within district of suit, capable of being subject to dominion and control of court.

PACER: FOR CIVIL DOCKET CASE NO. 2:19-CV-00456-REP. The Government states that they sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2 (b)(6)(A)- included publication on an official Government internet site- beginning on 3/8/2022. The Government states in the Forfeiture ancillary proceeding, the proceeding that addressed potential third-party interests in the subject property, that Derrick Arthun filed a claim in 211 Hill Avenue at ECF No. 60, and Norman Welch filed a claim asserting an interest and claim in all the subject property except for the 501 E. Walnut property, ECF No. 54. The United States filed Notice Of Service by Publication

- 8/24/2021- Process receipt and returned executed by United States of America, 211 N. Hill Street. Served- 8/17/2021 and Answer due 9/7/2021.  Norman Welch answered as a third-party interest in a timely manner and inserted his interest and his rights.

- 8/24/2021- Process receipt and returned executed by United States of America, 413 E. 9th Avenue, Post Falls, Idaho. Served on 8/17/2021 Answer Due- 9/7/2021.  Norman Welch answered as a third-party interest in a timely manner and inserted his interest and his rights.

-8/26/2021- Process receipt and returned Executed by United States of America, 1253 E. Garden, Osburn, Idaho.  Served on 8/17/2021    Answer Due- 9/17/2021. Norman Welch answered as a third party interest in a timely manner and inserted his interest and his rights.

-10/20/2021- Summons issues as to ALL Defendants.  (Attachments on Pacer labeled #1-#10, of all the properties and people that government summons.)

- 10/7/2022- Notice of voluntarily Dismissal by United States of America (Maloney, Kevin)

- 10/7/2022- Order of Dismissal- It is hereby ordered that this action is DISMISSED, without prejudice. The clerk's office is directed to close the case.  Signed by Judge Raymond Edward Patricco, JR. (caused to be mailed to non-Registered Participants at the addresses listed on the Notice of Electronic Filing.)

In conclusion, I am asking the court to give me the chance to fight for my rights and interests as I have been denied these rights in an unfair and blindsiding matter. The court may relieve a party from a final judgement, order, or proceeding if any other reason that justifies relief. I am asking the court to take action to relieve me from my rights in Trina Welch's Judgement, order, or proceeding. And asking the court to hold a hearing when forfeiture is being contested.  The Committee foresees that in some instances live testimony will be needed to determine the reliability of information. Interest and rights of innocent owners, with legitimate income, and Trina Welch filing a 2255 MOTION, pending the conclusion of the appeal of the criminal case giving rise to the forfeiture, if the government proceeds with the sale or disposition of the property will result in irreparable injury, harm, or loss. With respect to property ordered forfeited, the Attorney General is authorized to grant petitions for mitigation or remission of forfeiture and take other actions to protect the rights of innocent persons which is in the interest of justice. In general, on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include if a third party is claiming an interest in the property, conduct an ancillary proceeding under RULE 32.2 (c). Norman Welch is asking the court to amend the order of forfeiture and give him his interest and rights to his properties.

Respectfully submitted this 25th day of September, 2023.

BY: _____/s/ Welch_____

Norman Welch