JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>    Defendant,<br><br>and<br><br>NORMAN WELCH,<br><br>    Petitioner in the Ancillary Proceeding. | Case No. 2:20-CR-00052-DCN<br><br>**RESPONSE TO DEFENDANT'S MOTION FOR STAY UNTIL THE RULING ON THE 2255 MOTION HAS BEEN DETERMINED AND RECONSIDERATION OF JUDGMENT ON FORFEITURE, MONEY JUDGMENT, AND RESTITUTION** |

The United States of America hereby responds to Trina Welch's ("Defendant") *Motion for Stay Until the Ruling on the 2255 Motion has been Determined and Reconsideration of Judgment on Forfeiture, Money Judgment, and Restitution* filed at ECF No. 120 ("Motion"). There are no grounds for a stay of the case or, specifically, a stay of the restitution and forfeiture. In addition, nothing in the Motion provides grounds for reconsidering the restitution and forfeiture orders in this case.  Defendant has filed a separate motion under Section 2255 and that will be addressed in due course in that separate proceeding.

**RESPONSE TO DEFENDANT'S MOTION TO STAY - 1**

The reasons why the instant Motion should be denied are set forth below.

First, Federal Rule of Criminal Procedure 38(e)(1) provides that "[i]f the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555." Importantly, the ability to stay a restitution order requires an appeal. Here, Defendant did not appeal her conviction or sentence. Thus, a stay is not appropriate.

Moreover, "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). Hence, a filed § 2255 case cannot be grounds to seek a stay of restitution enforcement.

A restitution order is a final judgment. 18 U.S.C. § 3664(o). It may be modified only under certain narrow circumstances as follows:

> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). Defendant does not assert or show that any of the reasons outlined in § 3664(o) apply to reconsider, vacate, or modify the restitution order. As such, the restitution order is final, and the Court has no authority to modify or reconsider it.

Turning to forfeiture, "A stay of a forfeiture order is governed by Rule 32.2(d)." Fed. R. Crim. P. 38(f). Rule 32.2(d) provides that,

**RESPONSE TO DEFENDANT'S MOTION TO STAY - 2**

> [i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Fed. R. Crim. P. 32.2(d). Just as in the restitution context, the ability to seek a stay depends on the filing of an appeal. Here, Defendant did not appeal her conviction or the preliminary order of forfeiture. Therefore, a stay is not appropriate.

Again, Defendant did not appeal the forfeiture. And, a "forfeiture claim is not a cognizable § 2255 claim . . . ." *United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (citing *Thiele*, 314 F.3d at 402). Therefore, there are no grounds to reconsider the forfeiture.

Based on the above, the Motion must be denied.[1]

While not necessary for the Court to deny the Motion, the Government provides some comments to various erroneous claims in the Motion. First, Defendant claims that the Government did not establish a nexus. Defendant did not appeal, and thus, Defendant cannot raise such an argument. Notwithstanding, the Government did prove a nexus. In the plea

---

[1] As for the status of the forfeiture of real properties, the forfeiture of 501 E. Walnut is essentially complete based on the final order of forfeiture entered on November 11, 2022. ECF No. 100. And, the U.S. Marshals Service has taken custody of, or is taking custody of, and is selling other real properties subject to forfeiture based on the Court's interlocutory sale order (ECF No. 105) and the Court's final order of forfeiture (ECF No. 116) in this case, and those orders have not been challenged. Norman Welch has filed a motion to reconsider the Court's Memorandum Decision and Order (issued at ECF No. 113), which denied third-party claims with prejudice. Third Party's Mot to Reconsider, ECF No. 115. That motion to reconsider relates only to 519 E. Walnut Ave, Osburn, Idaho, and the Montana property. It does not challenge anything as to 413 E. 9th Ave., Post Falls, Idaho; 1253 Garden Ave., Osburn, Idaho; or 211 N. Hill Ave., Smelterville, Idaho. Lastly, "The Defendant waive[d] all challenges and objections, on any grounds, to any forfeiture in accordance with this [plea] agreement.," and she "agree[d] to assist fully in the forfeiture and to take all steps necessary to pass clear title to the Government." ECF NO. 45 at 9.

**RESPONSE TO DEFENDANT'S MOTION TO STAY - 3**

agreement signed by Defendant, she admits to the forfeiture allegation in the Indictment; admits to obtaining fraudulent proceeds of at least $3,674.338.86; and admits to using proceeds from the crime to purchase and pay for expenses for numerous properties (including the specific real properties being forfeited in the case) with her and others listed as owners.  ECF No. 45 at 1, 3-4, 6-7.  She agreed that there was statutory authority for forfeiture.  *Id.* at 7.  Such evidence and admissions are more than enough to prove the nexus that the Court found in the Preliminary Order of Forfeiture.  ECF No. 52 at 2-3.

Second, she states that her fraud did not affect a financial institution.  That appears irrelevant regarding forfeiture because the grounds for forfeiture were 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Wire fraud is a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7) because it is a listed offense in 18 U.S.C. § 1961(1).  Thus, forfeiture was required.

DATED this 13th day of October, 2023.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:

        /s/_____
        WILLIAM M. HUMPHRIES
        Assistant United States Attorneys

**RESPONSE TO DEFENDANT'S MOTION TO STAY - 4**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2023, the foregoing **RESPONSE TO DEFENDANT'S MOTION FOR STAY UNTIL THE RULING ON THE 2255 MOTION HAS BEEN DETERMINED AND RECONSIDERATION OF JUDGMENT ON FORFEITURE, MONEY JUDGMENT, AND RESTITUTION** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following by U.S. First-Class Mail, postage prepaid:

Trina Welch
FCI-Federal Phoenix Satellite Camp
3790 N. 45th Avenue
Phoenix, Arizona  85086
*Pro Se Defendant*

                                           */s/ Christina Willoughby*
                                           Christina Willoughby
                                           FSA Paralegal

**RESPONSE TO DEFENDANT'S MOTION TO STAY - 5**