UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TRINA MARIE WELCH,<br><br>    Defendant. | Case No. 2:20-cr-00052-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

    Before the Court is Third-party Claimant Norman Welch's Motion to Appoint Counsel for Appeal. Dkt. 130. For the reasons outlined below, the Court will conditionally GRANT the motion.

    Norman Welch is the Defendant Trina Welch's Husband.[1] Prior to Trina's sentencing, Norman requested counsel. The primary reason for the request was Norman "face[d] criminal exposure," and was likely going to "testify at [Trina's] trial." Dkt. 130, at 4. In addition, because Norman stated his intention to contest the civil asset proceedings contained in his wife's criminal case, he was also entitled to counsel under 18 U.S.C. 983(b)(2)(A). *Id*. The Court granted the request and appointed counsel for Norman. *Id*.

---

[1] Because the relevant parties share a last name, the Court will refer to each by his or her first name only for clarity.

MEMORANDUM DECISION AND ORDER - 1

The Court subsequently sentenced Trina and the civil asset forfeiture proceedings began. Norman filed a notice of claim. Dkt. 54. Ultimately, the Court ruled against Norman and rejected his claim. Dkt. 113. Norman filed a Motion to Reconsider (Dkt. 115) which the Court denied (Dkt. 125). Norman appealed. Dkt. 127. He now asks for continued representation for his appeal. Dkt. 130.

In his brief Motion, Norman cites the Guide to Judicial Policy's regulations regarding continuity of representation on appeal. That subsection—Chapter 2 § 220.25—speaks in terms of the continuing representation of a **Defendant**. *Guide to Judicial Policy, Vol 7 Defender Services, Chapter 2*. That said, it also discusses how the District Court can extend the representation of "each appellant for whom counsel was appointed . . . for representation at the trial level." *Id*.

Norman was appointed counsel at the trial level because of his potential exposure to liability *and also* his interest in the properties subject to forfeiture. Accordingly, the Court finds it is likely appropriate to continue that representation on the pending appeal. The Court says likely, however, because it has not seen a Financial Affidavit from Norman for over two years and does not know if he still qualifies—from a financial standpoint—for CJA counsel. Thus, the Court will require that Norman submit an updated affidavit before making a final ruling on his request.

IT IS HEREBY ORDERED:

1. Norman's Motion for Appointment of Counsel for Appeal (Dkt. 130) is conditionally granted pending receipt of an updated financial affidavit. Norman

MEMORANDUM DECISION AND ORDER - 2

shall have seven days from the date of this order to submit his information to the Court for review. The Court will then issue a final formal order on the Motion.

DATED: January 30, 2024

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3