JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case No. 2:20-CR-00052-DCN<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR AMEND JUDGMENT, PLEA INDICTMENT REGARDING RESTITUTION, FORFEITURE, AND MONEY JUDGMENT; ALSO, COUNTERCLAIM MOTION AGAINST KEITH SIMS, KASCO OF IDAHO, AND ENTITES FILED AT ECF NO. 131** |

The United States of America hereby responds to Defendant Trina Welch's *Motion To Dismiss Or Amend Judgment, Plea Indictment Regarding Restitution, Forfeiture, And Money Judgment; Also, Counterclaim Motion Against Keith Sims, Kasco Of Idaho, And Entites* filed at ECF No. 131 ("Motion").  The Motion should be denied for the reasons set forth herein.

**I.      BACKGROUND**

In February of 2020, a grand jury issued an Indictment charging Defendant with fifteen counts of Wire Fraud in violation of 18 U.S.C. § 1343.  ECF No. 1.  The case was continued on

Defendant's motion five times.  ECF Nos. 11, 13, 17, 19, 26-29, 37 and 39.  The United States did not oppose the first four motions but did on the fifth.  ECF No. 38.

In January of 2022, almost two years after the Indictment, Defendant pled guilty to Count Six pursuant to a plea agreement.  ECF No. 45.  Defendant waived certain rights in exchange for the concessions by the United States, including the dismissal of the remaining 14 criminal counts of Wire Fraud, an agreement to not file any additional charges against her based upon the discovery which had been provided to the Defendant, Defendant's acceptance of responsibility, and the ability for her to challenge the loss or restitution amount at an evidentiary hearing prior to sentencing.  *Id.* at. 1-2, 11-13.  Among the rights waived, Defendant "waive[d] any right to appeal or collaterally attack the entry of the plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution," with a few exceptions not applicable here except that she retained the right to an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.  *Id.* at. 12-13.  She "acknowledge[d] that this waiver will result in the dismissal of any direct appeal or collateral attack . . . [she] might file seeking to challenge the plea, conviction or sentence in this case."  *Id.* at 12.

Defendant expressly agreed that she understood that the United States contended that she obtained $3,674.338.86 in fraudulent proceeds from her scheme and that it would seek a forfeiture money judgment for that amount.  *Id.* at 5 and 7.  Defendant admitted that she used fraudulently obtained funds to purchase and pay for property, "including those real properties listed below in the forfeiture section, which Ms. Welch agrees all of her interest in those properties will be forfeited to the United States."  *Id.* at 5.  The six real properties listed in the forfeiture section of the plea agreement are the same properties against which the United States obtained Preliminary Order of Forfeiture at ECF No. 52.  ECF Nos. 45 at 7-8 and 52 at 1-2.

Defendant also agreed in the plea agreement "to pay, and be ordered to pay, restitution equal to the full amount of loss caused to any victim." ECF No. 45 at 6. She admitted that "[s]he wrote, or caused to be written, at least 341 fraudulent checks from Kasco's bank accounts." *Id.* at 6.

During the change of plea hearing, Defendant indicated she read and understood every paragraph of the plea agreement. ECF No. 111 at 16. When asked if she was satisfied with her attorney's representation, Defendant replied "I'm very satisfied with my attorney." *Id.* at 5.

An evidentiary hearing for the United States to establish the restitution and loss amounts was set for April 2022. It was continued to provide the defense with additional time to prepare and eventually occurred on August 3, 2022. ECF No. 72. At the evidentiary hearing the United States submitted 15 exhibits (including 341 checks) and presented the testimony of Special Agent (SA) Bryant Gunnerson. *Id.* SA Gunnerson testified on direct examination, was cross examined, and then provided testimony on a redirect examination. ECF No. 72 and 75. The second day of the evidentiary hearing and sentencing were held on September 16, 2022. ECF 91. At those hearings, witnesses were called, and the defense made argument as to why the restitution amount requested by the United States was too high. *Id.* at 67-68. At the conclusion of the sentencing the Court sentenced Defendant to the low end of the advisory guidelines for a sentence of 51 months custody and $3,678.642.62 in restitution. ECF No. 88.

Defendant never appealed.

Defendant filed two motions pursuant to 28 U.S.C. § 2255 in September of 2023, and the civil case of 2:23-cv-00415-DCN was opened. The United States responded to her motions in that case. The *United States' Response Opposing Petitioner's 28 U.S.C. § 2255 Motion* is at docket or ECF number 12 of the Civil 2255 Case ("2255 Response").

## II.    DISCUSSION

### A.    Defendant's *Motion to Dismiss or Amend Judgment, Plea Indictment Regarding Restitution, Forfeiture, and Money Judgment* must be dismissed

In the Motion, Defendant moves the Court to dismiss or amend the restitution judgment and the forfeiture ordered, including the money judgment.  ECF No. 131 at 1.  She states that "Trina Welch is challenging the district court's restitution order, forfeiture order, money judgment order, which entails the change of Plea and Indictment to state the 'TRUTH' in the matters presented to the honorable court." *Mem. in Support*, ECF No. 131-1 at 1.  She goes on to state "that substantial grounds warrant reconsideration, and I am asking The Court to dismiss, correct, set aside, or amend the final judgment and indictment to state 'THE TRUTH.'"  ECF No. 131-1 at 1.  Defendant also states that "This Motion can be joined with the 2255 Motion, which was mailed on 9/15/2023, as the facts are being presented with the ineffective counsel that was received and the misconduct and fraudulent accusations."  ECF No. 131 at 1-2.  Her Motion must be dismissed.

### 1.    Defendant filed § 2255 motions that are docketed and being litigated in civil case 2:23-cv-00415-DCN.  The United States responded to those motions.

As an initial matter, the United States responded to Defendant's § 2255 motion(s) filed in the civil case at 2:23-cv-00415-DCN ("Civil 2255 Case") by filing its 2255 Response.  The 2255 Response is hereby incorporated in full by this reference.  Notwithstanding, the United States points out here that "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).  And, a "forfeiture claim is not a cognizable § 2255 claim . . . ." *United States v. Finze*, 428 F. App'x

672, 677 (9th Cir. 2011) (citing *Thiele*, 314 F.3d at 402). Therefore, Defendant's challenge to

restitution or forfeiture in a § 2255 motion is inappropriate. And, regardless, for the reasons set

out in the 2255 Response, the allegations in the Motion must be denied.

2.      The Motion must be dismissed because Defendant procedurally defaulted.

Defendant requests the Court to dismiss or amend the plea and indictment as to restitution

and forfeiture. This is essentially a motion to dismiss or amend the restitution and forfeiture

orders. Importantly, however, Defendant never filed an appeal. Her claims are procedural

defaulted.

Generally, "claims not raised on direct appeal may not be raised on collateral review

unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504

(2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it

is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's

important interest in the finality of judgments." *Id.* To preserve a claim for collateral review, a

direct appeal must be taken. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).

Here, the arguments in the Motion are procedurally defaulted because no appeal was filed

and no cause and prejudice exist. As to cause and prejudice, the Supreme Court has stated:

> [T]he question of cause for a procedural default does not turn on whether counsel
> erred or on the kind of error counsel may have made. So long as a defendant is
> represented by counsel whose performance is not constitutionally ineffective
> under the standard established in *Strickland v. Washington*, *supra*, we discern no
> inequity in requiring him to bear the risk of attorney error that results in a
> procedural default. Instead, we think that the existence of cause for a procedural
> default must ordinarily turn on whether the prisoner can show that some objective
> factor external to the defense impeded counsel's efforts to comply with the State's
> procedural rule. Without attempting an exhaustive catalog of such objective
> impediments to compliance with a procedural rule, we note that a showing that
> the factual or legal basis for a claim was not reasonably available to counsel,

*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

UNITED STATES' RESPONSE TO DEFENDANT'S FILING AT ECF NO. 131 - 5

Here, no cause or prejudice exists to overcome Defendant's procedural default.  First, the claims that assert ineffective assistance of counsel are addressed in the 2255 Response and must be denied for the reasons stated therein.  Second, Defendant has not shown an objective external factor that impeded counsel's effort to appeal.  Counsel had a chance to challenge the restitution amount and did in the evidentiary hearing at sentencing.  Third, as noted below, Defendant waived her right to appeal or collaterally attack the sentence, which includes restitution and forfeiture.

        3.      <u>The Motion must be dismissed because Defendant waived rights to collaterally attack the plea and sentence, including restitution and forfeiture.</u>

Defendant's Motion must be dismissed and denied because she waived a right to collaterally attack her case, other than a § 2255 motion.

A knowing and voluntary waiver of a right to appeal or assert collateral attacks is enforceable.  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).  Defendant expressly waived in her plea agreement any right to do what she seeks to do in her Motion, which is to challenge her sentence, which includes restitution and forfeiture.  Instead, in her plea agreement, she agreed that such challenges would be dismissed.  Therefore, the Court should dismiss her Motion.  *See United States v. King*, No. 20-10007, 2021 WL 127828 (9th Cir. Jan. 14, 2021) ("It is well settled that a defendant may waive his constitutional rights, including the right to appeal, as a part of plea negotiations.").

An agreed appeal or collateral attack waiver may not apply in very limited circumstances, one of which is that the sentence is illegal.  *See Bibler*, 495 F.3d at 624; *United States v. Brown*, 415 F. Supp. 3d 901, 906 (N.D. Cal. 2019) (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)) ("The government agrees that a collateral-attack waiver cannot be enforced to uphold an illegal sentence . . . .").  But, here, there was nothing illegal about the sentence.

UNITED STATES' RESPONSE TO DEFENDANT'S FILING AT ECF NO. 131 - 6

a.    *Restitution is legal*

Restitution was legal and required. The Court had to order restitution for the victim's full losses because it is mandatory under 18 U.S.C. § 3663A. Restitution is required for any Title 18 fraud offense, including wire fraud, which is a violation of 18 U.S.C. § 1343. 18 U.S.C. § 3663A(c)(1)(A)(ii). When § 3663A applies, the financial circumstances of the defendant are irrelevant regarding the amount of restitution ordered. *See* 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A). When the offense involves a scheme as an element, the harm caused from the entire scheme is what is ordered as restitution for the victim. *See* 18 U.S.C. § 3663A(a)(2); *United States v. Lo*, 839 F.3d 777, 788 (9th Cir. 2016); *United States v. Johnson*, No. 15-30350, 2017 WL 1416490, at *3 (9th Cir. Apr. 21, 2017) ("Under 18 U.S.C. § 3663A and Ninth Circuit precedent, the district court could properly order restitution for all victims harmed by [the defendant's] scheme, including those harmed by conduct beyond the count of conviction.").

Here, the Court's order of restitution of $3,674,338.86 was legal. Defendant committed wire fraud and a scheme was involved, so restitution was required for the loss caused by the entire scheme. ECF No. 45. Defendant's financial situation was irrelevant. An evidentiary hearing took place, and the United States proved restitution for the ordered amount. Defendant had a chance to present evidence and dispute the restitution and did. The Court found that the United States met its burden and proved the amount of restitution ordered.

b.    *Forfeiture is legal*

Forfeiture was legal and required also. As set forth in the Preliminary Order of Forfeiture,

> The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1343, the Court, shall order the person to

forfeit property, real or personal, that constitutes or is derived, directly or
indirectly, from proceeds traceable to the commission of the offense.

ECF No. 52 at 3; *see also* 28 U.S.C. § 2461(c) ("If the defendant is convicted of the offense

giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the

sentence in the criminal case . . . .").

      Here, as noted in the Preliminary Order of Forfeiture, six real property parcels were

subject to forfeiture because they were derived, directly or indirectly, from proceeds traceable to

the commission of the offense. *See* ECF No. 52. In addition, a forfeiture money judgment was

entered for the total amount of $3,674,338.86 because that is the total amount of fraud proceeds

obtained by Defendant. ECF No. 90. Once specific forfeited property is liquidated and paid to

the forfeiture fund, that amount will be credited toward the forfeiture money judgment. *See*

Stefan D. Cassella, Asset Forfeiture Law in the United States § 19-3, at 825-27 (3d ed. 2022).

Not only do the facts agreed to in the plea agreement support those forfeiture orders, but

Defendant also agreed to these forfeiture orders in the plea agreement. ECF No. 45.

      Therefore, the forfeiture judgments/orders are legal.

          c.    *The law requires both restitution and forfeiture be ordered; this is
                not double dipping*

      Ordering both restitution and forfeiture is legal. In fact, ordering restitution and

forfeiture is required and not double dipping. "The purpose of forfeiture is to punish the

offender, while the purpose of restitution is to compensate the victim [. . .] Even though the

government would receive both forfeiture and restitution, there 'simply is no double recovery'

since forfeiture and restitution are entirely different remedies that serve different goals." *United

States v. Wong*, No. CR 11-00691 3 DDP, 2014 WL 6976080, at *2 (C.D. Cal. Dec. 9, 2014)

(citing *United States v. Davis*, 706 F.3d 1081, 1084 (9th Cir. 2013)); see *United States v. Dillon*,

No. 1:16-CR-0037-BLW, 2017 WL 4870910, at *3 (D. Idaho Oct. 27, 2017), *vacated and*

UNITED STATES' RESPONSE TO DEFENDANT'S FILING AT ECF NO. 131 - 8

*remanded on other grounds by*, 749 F. App'x 541 (9th Cir. 2018) ("[R]estitution may be

imposed along with forfeiture.").

> 4.      Rule 60(b) is only available in civil cases; thus, the Motion is a successive
>         2255 that must be dismissed.

If the Court deems it appropriate to look at the Motion further, Defendant cites Federal

Rule of Civil Procedure 60(b) as the grounds for relief.  However, that rule gives her no right to

relief.  "Rule 60(b) provides relief from civil judgments," not criminal judgments.  *United States*

*v. Gottlieb*, 211 F.R.D. 656, 657 (D. Kan. 2003); *United States v. Josenberger*, No. 95-20081-01,

1999 WL 450958, at *1 (D. Kan. June 17, 1999).  Rule 60(b) motions are generally treated as

successive § 2255 motions.  *See Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998), *as*

*amended* (July 13, 1998); *United States v. Chavez-Cuevas*, No. 1:00-CR-00033-BLW, 2014 WL

1247734, at *2 (D. Idaho Mar. 25, 2014) ("[T]he Court construes his Rule 60(b) motion as a

§ 2255 motion.").  A second or successive § 2255 "motion must be certified as provided in

section 2244 by a panel of the appropriate court of appeals" for the reasons set out in 28 U.S.C.

§ 2255(h).  Here, that has not happened; therefore, the Motion must be dismissed.  And, even if

the Motion is somehow treated as a supplement to Defendant's 2255 motion in the Civil 2255

Case, the United States' 2255 Response addresses those issues and is incorporated herein.

**B.      Various other contentions**

Defendant cites Federal Rule of Civil Procedure 59, but subsection (e) of that Rule states

that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry

of the judgment."  Fed. R. Civ. P. 59(e).  While this is a civil rule and does not apply in criminal

cases, regardless, here, no such motion was filed within 28 days of the judgment.

The allegation that third parties have not been given an opportunity to be heard in the

forfeiture proceedings is wrong.  Claimants, including her husband Norman Welch, filed claims

(although deficient) in the forfeiture ancillary proceedings.  Those claims have been addressed or dismissed, and her husband has appealed in the forfeiture ancillary proceedings.

As noted above, the financial situation of a defendant is not relevant as to the amount of restitution ordered under the MVRA.  *See* 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A); *see also In re Morning Star Packing Co., LP*, 711 F.3d 1142, 1144 (9th Cir. 2013) ("We conclude that the district court committed legal error in denying restitution because of Salyer's claimed financial status and the potential availability of civil remedies.").  Defendant's assertion on page 10 of ECF No. 131 directly contradicts the law.

On the next page of ECF No. 131 (i.e., page 11), Defendant again makes an assertion directly contrary to the law.  Defendant misreads and misrepresents the holding of *United States v. Lussier*.  She states that the "District Court did have authority under 18 USC 3583 (e)(2) to modify or rescind restitution order on ground [of] illegality . . . ."  ECF No. 131 at 11.  Instead, *Lussier* states as follows:  "[W]e conclude that the District Court did not have authority under this subsection to modify or rescind the restitution order on the ground of illegality."  *United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997).

Defendant cites an old, out-of-circuit district court case from the Northern District of Alabama for the proposition that the MVRA is unconstitutional.  *See United States v. Bishop*, 228F. Supp. 2d 1306 (N.D. Ala. 2002).  Importantly, however, the Ninth Circuit has held that the MVRA is constitutional.  *United States v. Dubose*, 146 F.3d 1141, 1142 (9th Cir. 1998), *as amended on denial of reh'g* (Aug. 31, 1998), *cert. denied*, 525 U.S. 975 (1998) ("We hold the Mandatory Victims Restitution Act is constitutional both facially and as applied . . . .").  The U.S. District Court for the District of Oregon found the Norther District of Alabama court "provide[d] little in the way of legal, constitutional analysis."  *United States v. Dean*, 949 F.

Supp. 782, 784 (D. Or. 1996), *aff'd sub nom. United States v. Dubose*, 146 F.3d 1141 (9th Cir.

1998), *as amended on denial of reh'g* (Aug. 31, 1998).

      **C.**     **Defendant's counterclaim motion against Keith Sims, Kasco of Idaho, and Entities must be dismissed**

Defendant cannot civilly sue someone within the criminal case. Also, the U.S. is not a

named party in the "counterclaim." The counterclaim is inappropriate and must be dismissed

and stricken from the record.

**III.**     **CONCLUSION**

Defendant's Motion must be dismissed and denied because of the various reasons

articulated herein.

DATED this 9th day of February, 2024.

                                        JOSHUA D. HURWIT
                                        UNITED STATES ATTORNEY
                                        By:

                                        /s/_____
                                        WILLIAM M. HUMPHRIES
                                        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2024, the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR AMEND JUDGMENT, PLEA INDICTMENT REGARDING RESTITUTION, FORFEITURE, AND MONEY JUDGMENT; ALSO, COUNTERCLAIM MOTION AGAINST KEITH SIMS, KASCO OF IDAHO, AND ENTITES FILED AT ECF NO. 131** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following by U.S. First-Class Mail, postage prepaid:

Trina Welch
FCI-Federal Phoenix Satellite Camp
3790 N. 45th Avenue
Phoenix, Arizona  85086
*Pro Se Defendant*

/s/ Christina Willoughby
Christina Willoughby
FSA Paralegal