JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case Nos. 2:20-CR-00052-DCN<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S PETITION FOR HOME CONFINEMENT** |

The United States of America, by and through Joshua D. Hurwit, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney, hereby responds to the filing by Trina Welch ("Defendant") entitled "Petition for Home Confinement" filed at ECF 154.  The Government moves this Court to deny the Petition.

## BACKGROUND

On February 19, 2020, a grand jury indicted Defendant Trina Welch on fifteen counts of wire fraud in violation of 18 U.S.C. § 1343.  (ECF 1.)  The Indictment also included wire fraud forfeiture allegations.  (*Id.* at 6.)  The allegations gave notice that Defendant would forfeit any and all proceeds obtained directly or indirectly as a result of her crimes, which would be at least

$3,600,000.  (*Id.* at 6-7.)  The forfeiture allegation then provided notice that at least seven parcels of real property may be forfeited.  (*Id.* at 7-8.)

In a previous decision and order, the Court has summarized well additional background as follows:

> The underlying facts of Trina's criminal conduct can be summarized as follows:  Trina embezzled funds from her employers, Kasco of Idaho, LLC, and Kasco Communications, LLC, (owned by Sims; collectively "Kasco"), and directed those fraudulent proceeds through her credit cards and bank accounts to pay for her personal expenses including, among other things, numerous properties held under her and related parties' names. *Id*. at 3. The scheme occurred between 2013 and July 2019, and included Trina directing at least 341 fraudulent checks from Kasco's bank accounts into her own accounts in the amount of approximately $3.6 million. [ECF 1 at 3–4].
>
> On January 14, 2022, Trina entered into a plea agreement with the Government in which she agreed to plead guilty to count six of the Indictment. Dkt. 45. Trina also admitted the asset forfeiture allegation in the Indictment.[] *Id*. at 6–9. [The forfeiture allegations were amended by the Government, removing one property from the list in the Indictment and limiting the listed properties to six. Dkt. 32.] Ultimately, the Court sentenced Trina to 51 months of incarceration and ordered she pay $3,678,642.62 in restitution to Sims and Kasco, who were the identified victims of Trina's fraud. Dkt. 93.
>
> During the pendency of the criminal case, the Government sought a Preliminary Order of Forfeiture related to six parcels of real property. Dkt. 51. A Preliminary Order of Forfeiture was entered on March 2, 2022.[] Dkt. 52.

(ECF 113 at 2-3.)

In addition, the Government sought, and the Court entered, a forfeiture money judgment in the amount of $3,674,338.86.  (ECF 83 and ECF 90.)

Various parties filed petitions in the forfeiture ancillary proceedings related to the six parcels of real property.  All petitions were resolved by stipulations or Court order.  Norman Welch appealed the Court's decision dismissing his petitions as to the Montana Property and 519 E. Walnut Ave., Osburn, Idaho.  That appeal was decided recently by the Ninth Circuit and this Court's decision was affirmed.  (ECF 155.)  As such, the United States will be asking the U.S.

Marshals Service to seize and sell the 26 Two Rivers Road, St. Regis, Montana property as authorized by this Court's Final Order of Forfeiture. (ECF 116.)

The Defendant filed a Motion to Vacate, Set Aside or Correct Sentence in 2:23-CV-00415-DCN. (Dkt 1.) The United States has responded to that motion. (Dkt 12.) Defendant filed various motions during the pendency of the § 2255 motion and the matter is pending before the Court at this time.

On November 22, 2024, the Defendant filed the instant Petition for Home Confinement.

## DISCUSSION

Defendant asks this Court to grant her home confinement to her home at 26 Two Rivers Road, Saint Regis, Montana. Her 17-page petition does not cite to any statutory authority which would allow this Court to order her confinement location. The Court should deny this request. Even if the petition is reframed as a petition for compassionate release, the petition fails. As the Ninth Circuit reiterated although the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a court to reduce a defendant's term of imprisonment, it does not authorize a judge to alter the location of a prisoner's confinement, a matter committed to the discretion of the Bureau of Prisons. *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement ... is delegated to the Bureau of Prisons.") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam) (alteration in original)). *See United State v. Wright*, 46 F. 4th, 938, 951 (9th Circuit 2022).

The Court does not have the authority to change the location of Defendant's confinement. There is also the fact that while Defendant claims her release plan should be accepted by the

Bureau of Prisons and she should be granted home confinement at her residence in St. Regis, Montana, that residence has been forfeited and the forfeiture order has been affirmed. (ECF 116.) Even if the Court had the authority to grant the Defendant's petition, she cannot be released to the St. Regis residence.

## CONCLUSION

The Defendant's Petition for Home Confinement must be denied. The Court cannot alter the location of her confinement.

DATED this 26th day of November, 2024.

> JOSHUA D. HURWIT
> UNITED STATES ATTORNEY
> By:
>
> *s/ Traci J. Whelan*
> TRACI J. WHELAN
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2024, the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S PETITION FOR HOME CONFINEMENT** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following by U.S. First-Class Mail, postage prepaid:

Trina Welch
P.O. Box 82
Saint Regis, MT 59866
*Pro Se Defendant*

                                                      *s/ Carin Crimp*
                                                     Carin Crimp
                                                     Legal Assistant